**Charles M. BOYD, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–81–090–CR.**

Court of Appeals of Texas, Eastland.

April 29, 1982.

Frank Jackson, Gay G. Cox, Dallas, for appellant.

Karen Chilton Beverly, Asst. Dist. Atty., Dallas, for appellee.

McCLOUD, Chief Justice.

Appellant appeals from a conviction for unlawful possession of methamphetamine, a controlled substance, wherein his punishment, enhanced by a prior robbery conviction, was assessed by the jury at imprisonment for twenty-five years. We will reverse and remand for a new trial.

Appellant contends that the evidence is insufficient to prove that he was in possession of methamphetamine because the State failed to establish the chain of custody of the substance alleged to be methamphetamine. We disagree.

E. H. Foerster, an assistant toxicologist, testified that he analyzed State's Exhibit 8 and that the powder in the packet contained 133 milligrams of methamphetamine. When the appellant was arrested, State's Exhibit No. 7, a ziplock plastic bag containing eleven smaller plastic bags, was taken from appellant's pocket. Officer Roberds testified that he put State's Exhibit No. 7 in a lockbox, and that he delivered the lockbox to E. H. Foerster. Foerster testified that he received State's Exhibit No. 8, which contained the laboratory identification number, from Roberds. Foerster stated that State's Exhibit No. 7, which did not contain the laboratory identification number, had his initials on it and it matched the description of the evidence that he had received from Roberds. He stated that he received eleven small plastic packets containing white powder. Foerster testified that State's Exhibit No. 8, which he analyzed, was one of the eleven packets delivered to him by Roberds. He stated that Exhibit 7 appeared to be the plastic bag which he received and which contained the eleven packets of white powder. Foerster testified that State's Exhibit 8, one of the eleven packets, was analyzed and it contained methamphetamine. Appellant argues that the State failed to connect the analyzed substance (Exhibit 8), with the package taken from appellant (Exhibit 7). We disagree.

We hold that the chain of custody was sufficiently shown for the admission of State's Exhibit 8 and that the objection would be to the weight rather than the admissibility of the evidence. *Salinas v. State,* 507 S.W.2d 730 (Tex.Cr.App.1974). We, therefore, overrule appellant's ground of error challenging the sufficiency of the evidence.

 The State alleged, for enhancement purposes, that appellant had previously been convicted in Cause No. C–70–4674–L of robbery. Appellant filed a motion, which was denied, to quash the enhancement portion of the indictment for the reason that no written waiver of the right of trial by jury was filed by the appellant in the papers in Cause No. C–70–4674–L. Appellant pleaded "not true" to the enhancement paragraph of the indictment.

We have carefully reviewed the papers in Cause No. C–70–4674–L and find that there is no written waiver of trial by jury signed by appellant. The file contains a jury trial waiver signed by appellant relating to other causes, and a waiver of other rights signed by appellant in Cause No. C–70–4674–L.

Our Court of Criminal Appeals in *Ex Parte Felton,* 590 S.W.2d 471 (Tex.Cr.App. 1979) unmistakably held that the language of Tex.Code Crim.Pro. art. 1.13 (Vernon 1977) plainly requires that the waiver of the right to trial by jury must be made in person by the defendant in writing.[1] The court stated, "It does not say that the waiver is sufficient if it be *reduced* to writing. It says *made* in writing." The court continued:

This act not having been performed in this applicant's case, as evidenced by the forms in the record before us, there was no effective waiver of the right to trial by jury in compliance with Art. 1.13, and, under the express mandate of Art. 1.15, no felony conviction could have been lawfully entered.[2]

1. Tex.Code Crim.Pro. art. 1.13 (Vernon 1977) provides:

The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea. Before a defendant who has no attorney can agree to waive the jury, the court must appoint an attorney to represent him.

2. Tex.Code Crim.Pro. art. 1.15 (Vernon 1977) provides in part:

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than capital, the defendant, upon entering a plea,

The recitation in the judgment that the defendant agreed in writing in open court to waive a trial by jury was held in *Felton* to be insufficient. We do not believe that the court intended in *Ex Parte Collier*, 614 S.W.2d 429 (Tex.Cr.App.1981) to change the rule announced in *Felton*. In *Collier* the court was concerned with the failure of the State to sign the "consent" to the jury waiver of a defendant. The express mandate of Article 1.15 was not in issue in *Collier*.

We hold that the court erred in not striking the enhancement paragraph of the indictment.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.

has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14....