**Charles M. BOYD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 475–82.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 7, 1983.

Frank Jackson, Gay G. Cox, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen Chilton Beverly, Gerry Holden Meier and Knox Fitzpatrick, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was found guilty of unlawful possession of methamphetamine. The jury found the enhancement paragraph of the indictment to be true and assessed punish-

---

5. *Rodriquez v. State,* 614 S.W.2d 448 (Tex.Cr. App.1981), holding *Ybarra* is not retroactive, has been overruled.

ment at twenty-five years' confinement. The court of appeals for the eleventh supreme judicial district, 633 S.W.2d 661 reversed appellant's conviction because the cause pled as a prior conviction in the enhancement paragraph was inadmissible because the record did not show a written waiver of appellant's right to trial by jury for that prior conviction. This Court granted the State's Petition for Discretionary Review to address the waiver issue.

Appellant filed a motion to quash the enhancement portion of the indictment for the reason that Cause No. C–70–4674–L, used in the enhancement paragraph, is inadmissible because it is based on a guilty plea in which no waiver of the right to trial by jury was filed as required by Articles 1.13 and 1.15, V.A.C.C.P.[1] The motion to quash was denied. Appellant pled "not true" to the enhancement paragraph of the indictment. The jury found the enhancement paragraph to be true.

The State relies upon *Ex Parte Collier,* 614 S.W.2d 429 (Tex.Cr.App.1981) and contends that because this is a collateral attack on a prior conviction appellant has the burden to show that no waiver of jury trial was executed and signed by him. The State also claims that a fair reading of the evidence shows that appellant executed a written waiver of his right to a jury trial but, "for some reason, it was not presently contained in the record." The State argues that appellant intended to waive his right to jury trial and that *Ex Parte Collier* places the burden on appellant to prove otherwise.

It appears from the record that appellant pled guilty in six cases at one time. Cause No. C–70–4674–L, the cause used for enhancement, appears with five other cause numbers on an Application for Probation; on Defendant's Agreement to Stipulated Testimony-Non-Capital; on a State's request to strike certain words within an indictment. However the Waiver of Jury-Non-Capital form contains six cause numbers but does not include Cause No. C–70–4674–L. The judgment and the docket sheet in this cause number recite that the right to jury trial was waived. Neither of these documents are in appellant's writing or signed by appellant. Nothing signed by the appellant waiving jury trial in this cause number appears in the record. This fact distinguishes *Henderson v. State,* 619 S.W.2d 175 (Tex.Cr.App.1981) because the Application for Probation form used in *Henderson* stated that the defendant had "heretofore waived his right to trial by jury," and that form must be signed by the defendant.

The present case involves appellant's waiver and does not demonstrate, in line with the requirements of Art. 1.13, appellant's waiver of jury trial. To the extent that appellant has the burden to show no waiver was executed, the waiver form lacking the necessary cause number that was introduced and is part of the record, satisfies that burden. *Ex Parte Felton,* 590 S.W.2d 471 (Tex.Cr.App.1979) is controlling in this case.

One purpose of Art. 1.13 is to protect a defendant by expressly conditioning his waiver of his right to jury trial on the requirements that it be in person, in writing

1. Article 1.13 provides:
   "The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea. Before a defendant who has no attorney can agree to waive the jury, the court must appoint an attorney to represent him."

   Article 1.15 provides:
   "No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than capital, the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14...."

and in open court. The right to jury trial belongs to a defendant. While the State's consent is necessary, the consent is a second step that can be taken only after the essential first step of waiver is decided. The court of appeals is correct in holding that *Ex Parte Felton* controls where habeas attack or collateral attack is made on a conviction based on the absence of a defendant's written waiver of his right to jury trial. *Ex Parte Collier* applies to cases in which the State fails to sign the consent to jury waiver.

The holding in *Ex Parte Collier* states "that in the absence of a showing of harm a valid conviction may not be set aside by habeas corpus or collateral attack merely because the state failed to sign the consent to the jury waiver of a defendant as required by Article 1.13, V.A.C.C.P., where the evidence does show that the state did in fact agree to such waiver." Id. at 434. This holding clearly only applies to cases where the State failed to sign the consent to jury waiver. We will not emasculate Art. 1.13 by extending *Ex Parte Collier,* as the State suggests, to cases such as the present one, in which no written waiver of jury trial appears in the record.

Furthermore, even if *Ex Parte Collier* were applicable, the harm requirement is clearly met in appellant's case. Without enhancement the punishment range was two to twenty years. The enhanced punishment range was five to ninety-nine years. Appellant was assessed twenty-five years confinement by the jury, five years above the maximum possible without the enhancement. The harm is obvious.

Although a few of the apparently clear requisites of Art. 1.13 have been somewhat undermined by *Ex Parte Collier,* the statute requires, in no uncertain terms, that the waiver of a defendant's right to jury trial must be in person, in writing, in open court. *Ex Parte Felton,* supra; *Young v. State,* 648 S.W.2d 6 (Tex.Cr.App.1983). The right belongs to a defendant and the statute protects that right by insuring clear, written proof of a defendant's waiver of his right to jury trial.

We conclude that this collateral attack is justified because there is no showing of appellant's written waiver of jury trial as demanded by Art. 1.13.

The court of appeals' decision is affirmed.

MILLER and CAMPBELL, JJ., dissent for the reasons set forth in the dissenting opinion in *Ex Parte Collier,* supra.