Thomas Ray **BREAZEALE** and **Wallace Neil Higgs, Jr., Appellants,**

v.

The **STATE** of Texas, Appellee.

Nos. 387–83, 604–83.

Court of Criminal Appeals of Texas, En Banc.

July 11, 1984.

On Rehearing Jan. 23, 1985.

Robert A. Jones, Houston, for appellant
Thomas Ray Breazeale.

John B. Holmes, Jr., Dist. Atty. and
James C. Brough, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty. and
Alfred Walker, First Asst. State's Atty.,
Austin, for the State in No. 387–83.

Terrence Gaiser, Houston, for appellant
Wallace Neil Higgs, Jr.

John B. Holmes, Jr., Dist. Atty. and Calvin Hartmann and Richard Wilkinson, Asst.
Dist. Attys., Houston, Robert Huttash,
State's Atty. and Alfred Walker, First
Asst. State's Atty., Austin, for the State in
No. 604–83.

Before the court en banc.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant Wallace Neil Higgs, Jr. pled guilty to possession of lysergic acid diethylamide, a controlled substance. The court found appellant guilty and sentenced him to ten years' confinement.

Appellant Thomas Ray Breazeale pled not guilty and was tried before the court for the felony offense of forgery. The court found appellant guilty, found the enhancement allegations contained in the indictment to be true, and sentenced him to life imprisonment. V.T.C.A., Penal Code, § 12.42(d) prior to the 1982 Amendment.

Both cases were reversed by the court of appeals, 655 S.W.2d 230, for the fourteenth supreme judicial district, on the ground that Art. 1.13, V.A.C.C.P. was not complied with because no written waiver of jury trial signed by the appellant appeared in the record.

We granted the State's petition for discretionary review in both cases to address the issue of whether a felony judgment that recites that the appellant waived his right to trial by jury is sufficient where the record does not contain such a waiver.

The State argues that the presumption of regularity based upon recitals in the judgment should control the waiver of the right to trial by jury, and that no other evidence need be included. The State points out

that prior case law has applied the presumption on the issue of jury waiver. *Harvey v. State*, 485 S.W.2d 907, 908, (Tex.Cr. App.1972); *Graham v. State*, 138 Tex. Cr.R. 449, 136 S.W.2d 830 (1940); *Waldrop v. State*, 129 Tex.Cr.R. 134, 83 S.W.2d 974 (1935). However, these cases were tried under Art. 10a of the Code of Criminal Procedure of 1925. Art. 10a is the predecessor to the current Art. 1.13, V.A.C.C.P., but there are some critical differences between the two. Art. 10a provided:

'The defendant in a Criminal prosecution for any offense classified as a felony less than a capital offense, shall have the right, upon entering a plea of guilty, to waive the right of a trial by a Jury, conditioned, however, that such waiver must be made in person by the defendant in open Court with the consent and approval of the Court and the duly elected and acting Attorney representing the State. Provided, that said consent and approvals by the Court shall be entered of record on the Minutes of the Court and the consent and approval of the Attorney representing the State shall be in writing, duly signed by said Attorney and filed in the papers of the Cause before the defendant enters his plea of guilty.

'Provided, that before a defendant who has no Attorney can agree to waive a Jury, the Court must appoint an Attorney to represent him.'

Art. 1.13 as amended in 1959 and 1965 reads:

The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea. Before a defendant who has no attorney can agree to waive the jury, the court must appoint an attorney to represent him.

Acts 1965, 59th Leg. vol. 2, p. 317, ch. 722.

The present article, Art. 1.13 *commands* that a waiver be made in person by the defendant and signed by him. *Ex Parte Felton*, 590 S.W.2d 471 (Tex.Cr.App.1979). Art. 10a did not require any writing by the defendant.

The State also cites several recent cases holding that where prior convictions offered into evidence or prior convictions used for enhancement contain only a recital in the judgment alleging waiver of jury trial, the presumption of regularity applies and no written waiver need be included. *Williams v. State*, 605 S.W.2d 596 (Tex.Cr. App.1980); *Berry v. State*, 582 S.W.2d 463 (Tex.Cr.App. 1979); *McCoy v. State*, 529 S.W.2d 538 (Tex.Cr.App.1975). These cases rely on old case law decided under Art. 10a or on cases dealing with the right to counsel. Neither of these cases is convincing. No mandatory statute cognate to Art. 1.13 requires written waiver of the right to counsel.

Art. 10a did not require written waiver by the defendant, but only by the State. Since the right to jury trial in criminal cases is fundamental to our system of justice and is and has always been intended primarily for the protection of the accused, the focus of the right is upon the defendant. The Legislature made this idea very clear when they replaced Art. 10a with Art. 1.13 and required *written waiver by the defendant himself.*

*Boyd v. State*, 660 S.W.2d 820 (1983) controls this case. In *Boyd* we held that the defendant's motion to quash the enhancement portion of the indictment due to the absence of a jury waiver should have been granted. We held that one purpose of Art. 1.13 is to protect a defendant by expressly conditioning a waiver of the right

to jury trial on the requirements that it be in person, in writing, and in open court.

We hold that the presumption of regularity does not apply to waiver of jury trial in the light of the express dictates of Art. 1.13;[1] to hold otherwise would be to render nugatory the protection of the defendant's right to jury trial which is the purpose of Art. 1.13. In order to show a valid waiver the State must comply with Art. 1.13 and include in the record a waiver of jury trial signed by the defendant. All cases to the contrary are overruled insofar as they apply to trials conducted since the effective date of the adoption of Art. 1.13.

The judgments of the court of appeals reversing the judgments of the trial courts are affirmed.

CAMPBELL, J., concurs in the result.

McCORMICK, J., dissents.

## OPINION ON STATE'S MOTION FOR REHEARING

TEAGUE, Judge.

On original submission, this Court, with Judge McCormick dissenting and Judge Campbell concurring in the result, affirmed the judgments of the Fourteenth Court of Appeals, which had reversed the convictions of Thomas Ray Breazeale and Wallace Neil Higgs, Jr., appellants, because each record of appeal did not reflect a formal written waiver of the right to a jury trial. This holding was made notwithstanding that the felony judgment in each cause affirmatively recites that a written waiver of the right to trial by jury was in fact executed.

This Court expressly held: "We hold that the presumption of regularity does not apply to waiver of jury trial in the light of the express dictates of Art. 1.13 (footnote omitted). In order to show a valid waiver the State must comply with Art. 1.13 and include in the record a waiver of jury trial

signed by the defendant. All cases to the contrary are overruled insofar as they apply to trials conducted since the effective date of the adoption of Art. 1.13."

We granted the State's motion for rehearing in order to make the determination whether the above holdings are correct statements of the law. We find that they are not. We will, therefore, grant the State's motion for rehearing. We will also remand Higgs' cause to the court of appeals for it to consider Higgs' grounds of error which have not yet been reviewed. Because the court of appeals has reviewed all of Breazeale's other grounds of error, and rejected them, we will affirm the judgment of the trial court in that cause.

The formal judgment in Breazeale's case reflects in part that Breazeale, "in person and in writing, in open court, having waived his right of trial by jury ..." The formal judgment in Higgs' case is in all things identical. No issue was made in the trial courts over whether there had been a written waiver of the right to a jury trial. The State concedes that other than the recitations in the formal judgments, the records of appeals are silent on whether the appellants formally waived their right to a jury trial.

On direct appeal in Higgs' cause, the State argued the following: "The State recognizes that, where there is an affirmative showing of no waiver, such a recitation in the judgment is insufficient. *Ex parte Felton*, 590 S.W.2d 471 (Tex.Cr.App.1979); *Boyd v. State*, 633 S.W.2d 661 (Tex.App.— Eastland 1982). However, unlike *Felton*, there is no affirmative showing that no waiver of jury trial was executed. Neither was there a bill of exception or objection to the record as required in 40.09(1), (7), V.A. C.C.P. In absence of such an affirmative showing, the recitals create a presumption of regularity. *Ex parte Reed*, 610 S.W.2d 495 (Tex.Cr.App.1981); *McCoy v. State*, 529 S.W.2d 538, 539 (Tex.Cr.App.1975);

---

1. Because the statutory scheme requires the result reached, we need not discuss—and do not endorse—the court of appeals' holding in these two cases that the rule of review presuming the regularity of judgments "does not apply to fundamental, constitutionally protected rights such as the right to trial by jury."

*Creeks v. State,* 537 S.W.2d 29 (Tex.Cr. App.1976). Further, the appellant neither claims he requested a jury trial nor that he was harmed in any way as a result of no jury."

On direct appeal in Breazeale's cause, the State made the following arguments: "Under the presumption of regularity of judgments, it must be presumed, in the absence of a contrary showing, that the recitation in the judgment and sentence, which were signed by the judge, is correct, and that the appellant, in writing, in open court, waived the right to a trial by jury. *Creeks v. State,* 537 S.W.2d 29 (Tex.Cr. App.1976); *Robert v. State,* 613 S.W.2d 291, 292 (Tex.Cr.App.1981); *Housewright v. State,* 573 S.W.2d 233, 235 (Tex.Cr.App. 1978). The presumption of regularity created by recitals in the judgment can be overcome only when the record otherwise affirmatively reflects that error occurred. *Creeks v. State,* supra; *Ex parte Reed,* 610 S.W.2d 495 (Tex.Cr.App.1981)."

We find the State's arguments and authorities persuasive, and will grant its motion for rehearing.

We pause momentarily to point out that in *Samudio v. State,* 648 S.W.2d 312 (Tex. Cr.App.1983), where the defendant was convicted of a misdemeanor offense, the formal judgment in that cause only contained the following recitation: "No jury having been demanded ..." This Court agreed with the decision of the court of appeals in that cause, see *Samudio v. State,* 635 S.W.2d 183 (Tex.App.1982), that this recitation was insufficient to establish that the defendant had waived his right to trial by jury. *Samudio,* however, emphatically distinguished between the absence in the record of a demand for a jury trial *and* an affirmative waiver thereof, and held that such could be challenged on direct appeal. Because of the difference in the wording of the judgments in the causes before us, and the judgment in *Samudio,* supra, *Samudio* is inapplicable to this cause.

The recitation in the judgments of these causes complies with the provisions of Art. 42.01, V.A.C.C.P., which defines the legal term "judgment," and what should be placed in the formal judgment.

By both case law, see, for example, *Hardin v. State,* 471 S.W.2d 60, 63 (Tex.Cr. App.1971) (It is presumed on appeal that all the rulings of the trial court are correct); *Johnson v. State,* 478 S.W.2d 442, 444 (Tex. Cr.App.1972) (It is presumed on appeal that if trial was to the court, the trial judge ignored improperly admitted evidence); *Jackson v. State,* 494 S.W.2d 550, 551 (Tex. Cr.App.1973) (In an appeal involving the application of the law of another state, the Court of Criminal Appeals will presume that the foreign law is the same as Texas law), and statutory law, see Art. 44.24, V.A.C.C.P., there are many evidentiary legal presumptions utilized by this Court.

■ In addition to the above evidentiary presumptions, this Court will indulge every presumption in favor of the regularity of the documents in the trial court. *McCloud v. State,* 527 S.W.2d 885, 887 (Tex.Cr.App. 1975); *Nichols v. State,* 511 S.W.2d 945, 947–948 (Tex.Cr.App.1974). This means that the recitations in the records of the trial court, such as a formal judgment, are binding in the absence of direct proof of their falsity. In this instance, neither appellant has ever attacked or challenged the truthfulness of the recitation that is found in each of their formal judgments. They rely in support of their contention, that they did not formally waive a trial by jury, on the absence of any such document in their respective appellate record. This, of course, is insufficient to overcome the presumption that the recital in a formal judgment, that the defendant formally waived his right to trial by jury is true, and that such presumption attains until and unless the contrary is made to appear. *Ex parte Brewer,* 156 Tex.Cr.R. 369, 242 S.W.2d 430 (Tex.Cr.App.1951).

■ While it is true that a silent record cannot support a presumption that the defendant formally waived his right to trial by jury, it is equally certain that the formal judgment of the trial court carries with it a

presumption of regularity and truthfulness, and such is never to be lightly set aside. *Ex parte Morgan,* 412 S.W.2d 657 (Tex.Cr.App.1967).

■ In this instance, neither appellant made any objection to the judgment that was entered and filed in his respective cause. Nor did either make an issue in his respective trial court over whether a formal written waiver of jury had been properly signed and filed. Nor did either request, through a designation of the record, the inclusion of the formal written waiver of the jury in the record of appeal, that each is presumed to have executed. Nor are we confronted with records of appeals which are both silent as to a formal written waiver of jury trial *and* the presumption that the formal judgment speaks the truth.

The burden of reciting in the formal judgment that a jury was waived by the accused is one established by statute, see Art. 42.01, supra, and if such recitation is present the burden is then on the accused to establish otherwise, if he claims that the contrary is true. In this instance, neither of the appellants overcame the presumption that his respective formal judgment spoke the truth and was in all things regular.

The State's motion for rehearing is sustained. Appellant Higgs' cause is ordered remanded to the Fourteenth Court of Appeals for that court to review the grounds of error that have not yet been reviewed. The judgment of the court of appeals in Breazeale's cause is reversed and the judgment of the trial court is affirmed.

W.C. DAVIS, Judge, concurring.

Upon reconsideration of appellant's contention, I agree that the issue is whether, for purposes of appellate review, a recital in the judgment that appellant waived his right to trial by jury, suffices to affirmatively show waiver. The issue is *not* whether the State failed to comply with the mandatory provisions of Art. 1.13, V.A.C.

C.P. because appellant does not contend that he did not waive his right to jury trial. Rather, he essentially contends that the appellate record does not *adequately* reflect his waiver because the written waiver itself is not in the record. Appellant argues that this Court should not presume a waiver just because the judgment states that he did waive his right to trial by jury.

I join the opinion of the Court that where the judgment of conviction recites that a defendant "waived his right to trial by jury", the record affirmatively shows a waiver by that defendant. The burden is then on the defendant to refute that recitation and show that he did not waive his right to trial by jury as required by Art. 1.13.[1]

CLINTON, Judge, concurring.

There is too much said by the State and in the opinion of the Court about "the presumption of regularity of judgments"—as if the sole issue is whether it may be applied in the circumstances of these causes. That approach, I suggest, creates much of the difficulty we are experiencing in not yet finding a satisfactory solution to this problem. Let us address it in another way.

Whether trial be by jury or court is largely an option granted an accused by a combination of constitutional and statutory provisions. Article I, §§ 10 and 15, Constitution of the State of Texas; Articles 1.05, 1.12, 1.13, 1.14 and 1.15, V.A.C.C.P. See generally *Turner v. McDonald,* 676 S.W.2d 371 (Tex.Cr.App.1984).

Complying with one requisite of a judgment laid down in Article 42.01, V.A.C.C.P., the trial judge signed and caused to be entered of record judgments which recite as historical fact that each accused "in person and in writing, in open court, ... waived his right to trial by jury ..." That is to say, the trial court found that each appellant had exercised his right to waive

---

1. A different case is presented when the record contains either a judgment reciting merely that no jury was demanded or when the record is silent on the issue. In such cases, the record does not affirmatively reflect a waiver of the right to trial by jury, as is required.

trial by jury—opting instead for a trial before the court.

Though appellants' respective grounds of error were framed somewhat differently, the essence of their contentions to the court of appeals is that since the record does not contain a written waiver of jury trial executed by each in accordance with Article 1.13, V.A.C.C.P. (notwithstanding a recitation in the judgment that each accused had waived his right to trial by jury), the trial judge erred in conducting a trial before the court. In short, they sought to reverse their respective convictions on the proposition that when, *dehors* the judgment, the record on appeal fails to show that an accused exercised a right granted by statute to waive his constitutional right to trial by jury, the resultant judgment of conviction is invalid. The proposition, raised for the first time on appeal, was accepted and upheld by the court below.

The right of a criminally accused person to a trial by jury is constitutionally guaranteed. Article I, §§ 10 and 15, supra. However, appellants have not claimed that right; nor have they complained that it was wrongfully denied. Indeed, though presented with ample opportunities in the trial court, appellants never expressed any opposition to the case being heard by the trial court without a jury.[1]

In *Samudio v. State*, 648 S.W.2d 312 (Tex.Cr.App.1983) a unanimous Court held that "counseled acquiescence to a non-jury proceeding" does not amount to waiver of right to trial by jury in a misdemeanor case, with respect to which neither Article 1.13 nor any statute governing waiver of jury trial applies, and that with only a silent record as to waiver the State "failed to meet its constitutional burden of estab-

lishing waiver of jury trial," *id.*, at 315. Of course, here the record is not silent: The judgment of conviction recites that appellant "waived his right to trial by jury." Thus, the record affirmatively demonstrates a waiver by each appellant, so the State has discharged its constitutional burden.

What appellants are really asserting is that a waiver of jury trial in the manner prescribed by Article 1.13 is not documented in the record. Contrary to the notion expressed in the opinion on original submission, that assertion does not rise to a level of constitutional dimension, for there is no constitutional provision which prohibits an accused from knowingly and intelligently waiving his right to trial by jury in a felony prosecution. *Ex parte Ross*, 522 S.W.2d 214, 222 (Tex.Cr.App.1975). *Samudio* is therefore inapposite.

Though it may be said that Article 1.13 "commands that a waiver be made in person and signed by him," making compliance with its provisions mandatory, *Ex parte Felton*, 590 S.W.2d 471 (Tex.Cr.App.1979), nothing more is implicated here than an *alleged* failure in the trial court to conform to statutory prescriptions for showing a waiver of jury trial. We do not know that there was an actual failure to conform—just that the record before the Court does not contain papers reflecting compliance.

The trial court having found that each appellant waived his right to trial by jury, a plethora of procedural means was readily available to contest that finding in the forum of the trial court. A motion for new trial that the court "has committed [a] material error calculated to injure the rights of defendant" is a solid ground under Arti-

---

1. As a matter of fact, appellant Higgs states in his brief that his case "was tried to the Court simultaneously with Appellant's Motion to Suppress Evidence," and the record bears out an "understanding" between the parties and the court to that effect; and for whatever it is worth the record shows that more than six months before actual trial appellant Breazeale agreed to reset the case for "Trial to Court." If either appellant did not in fact opt for a trial before the court, the time to let that be known to the

judge of the trial court and to the prosecution was before announcing ready for trial that manifestly was going to be conducted by the trial judge without a jury, and then joining issue on the indictment. As with nearly every other matter of procedure perceived to be working adversely to the rights or interests of an accused, some character of outcry ought to be made in order that corrective action may be taken. *Zillender v. State*, 557 S.W.2d 515, 517 (Tex.Cr.App. 1977).

cle 40.03, V.A.C.C.P. and, if supported by the showing appellant now alleges to be the case, granting a new trial would have placed the cause in the same position as before any trial had been held, Article 40.-08, *id.* A motion in arrest of judgment suggesting that "judgment has not been legally rendered against him" would lie under Article 41.01, V.A.C.C.P., and related provisions of Chapter Forty One. More informally, at allocution under 42.07, *id.*, an accused could make it known that he had not properly waived his right to trial by jury pursuant to Article 1.13. Thereafter, a formal bill of exception to make the record disclose any event or occurrence relevant to the issue of waiver was available under Article 40.09, § 6(a), *id.* Even an objection to the record in accordance with Article 40.09, § 7, *id.*, would have it "speak the truth" about any alleged failure to follow Article 1.13.

In these circumstances to resort to "the presumption of regularity of judgments" is but a facile and vacuous methodology of appellate review. Appellants' contention that the trial court erred in proceeding to trial without a jury simply has not been preserved for appellate review, and that is what we ought to hold. On that basis I join the judgments of the Court.

The judgments of the Houston (14th) Court of Appeals should be reversed and the judgment of the trial court affirmed in *Breazeale v. State,* our Cause No. 387–83; *Higgs v. State,* our Cause No. 604–83 should be remanded to the court of appeals to decide his remaining grounds of error.