**Charles Teal CARTER, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 11–95–324–CR.

Court of Appeals of Texas, Eastland.

Aug. 22, 1996.

Stan Brown, Abilene, for appellant.

James Eidson, Criminal District Attorney, Kollin Shadle, Appellate Section, Criminal District Attorney's Office, Abilene, for appellee.

Before ARNOT, C.J., DICKENSON and WRIGHT, JJ.

ARNOT, Chief Justice.

The jury convicted Charles Teal Carter of aggravated assault,[1] found the enhancement paragraphs to be true, and assessed his punishment at 30 years confinement and a $10,-000 fine.[2] We affirm.

On May 31, 1994, appellant went to the Eagle's Nest bar where he met Michael Lloyd Terrell, and the two began drinking together. Lana Kay Merritt and her friend were also at the bar. When the four decided to go to another bar, appellant drove them in his vehicle. After they arrived, Merritt's friend left the group.

Sometime later, appellant, Merritt, and Terrell left in appellant's vehicle to return to the Eagle's Nest. Merritt testified that she sat between appellant and Terrell in the front seat. Merritt and appellant began arguing, and Merritt pushed appellant. Merritt testified that she thought appellant hit her in the chest but that she discovered she had been stabbed when she saw blood. The next thing that Merritt remembered was waking up in the hospital after surgery.

Appellant's version of the incident was different. Appellant testified that, while they were returning to the Eagle's Nest, Merritt told appellant to give her his money. He then told Merritt he would not give her any money, and she began hitting him in the face. Appellant saw Merritt reach for her purse and thought she was reaching for a weapon. He then pulled his car over and slammed on his brakes causing Merritt and Terrell to hit the dashboard of the car. Appellant threw Merritt out of the car by her hair. Terrell got out of the car. Appellant drove away and threw Merritt's purse out of the window a few blocks down the road. Appellant claimed that Merritt could have received her stab wound when she hit the dashboard of the car because he had a thermometer in the air conditioning vent of his car.

In his first point of error, appellant complains that the trial court erred in excluding evidence offered to impeach Merritt. On direct examination of Merritt, the following exchange occurred:

Q: Ms. Merritt, did you have a weapon of any kind?

A: No, I did not. I don't carry weapons.

  *   *   *   *   *   *

Q: Would you have had any reason to reach down in your purse?

1. TEX.PENAL CODE ANN. § 22.02 (Vernon 1994) defines aggravated assault and provides that it is a felony of the second degree.

2. TEX.PENAL CODE ANN. § 12.42(d)(1) (Vernon Supp.1996).

A: No. I don't carry weapons with me.

\*    \*    \*    \*    \*    \*

Q: Do you carry a knife?

A: No. I don't.

Appellant argues that Merritt's testimony opened the door for appellant to impeach her statement.

■ Appellant called James Randall Harvey who testified that he had known Merritt for many years and that in his opinion Merritt was not truthful. Harvey testified outside the presence of the jury that, on one occasion in 1988, he saw a knife fall out of Merritt's purse. Merritt picked up the knife and put it back in her purse. Appellant urged at trial that this testimony was admissible to impeach Merritt's statement that "she'd never carried a knife." The determination of whether to admit evidence is within the discretion of the trial court, and the trial court's ruling will not be disturbed absent an abuse of discretion. *Montgomery v. State,* 810 S.W.2d 372 (Tex.Cr.App.1990). Where a witness makes a statement that creates a false impression concerning his prior arrests, convictions, charges, or "trouble" with the police, evidence of specific acts of misconduct are admissible to impeach the witness' statement. *Prescott v. State,* 744 S.W.2d 128 (Tex.Cr.App.1988); *Ochoa v. State,* 481 S.W.2d 847 (Tex.Cr.App.1972); *Medina v. State,* 828 S.W.2d 268 (Tex.App.—San Antonio 1992, no pet'n).

The record does not reveal any testimony by Merritt that she had "never carried a knife." *Medina v. State,* supra. Merritt's testimony that she was not carrying a weapon either at the time of the stabbing or at the time of trial was not a blanket statement creating a false impression of her prior law-abiding behavior. The trial court did not err. Appellant's first point of error is overruled.

■ In his second and third points of error, appellant contends that the trial court erred in admitting evidence of appellant's prior convictions for enhancement. We disagree.

Appellant pled "not true" to two enhancement paragraphs. The State introduced pen packets for each of the two convictions for identification purposes. Appellant objected to the admission of the pen packets because they did not contain a written jury waiver as required by TEX.CODE CRIM.PRO.ANN. art 1.13(a) (Vernon Supp.1996).

The judgment for each conviction contained a recitation that appellant had waived a jury trial. The judgment and sentence of appellant's convictions were introduced with his photographs and fingerprints. Officer Glenn Lawrence, a fingerprint expert, testified that appellant's fingerprints contained in the exhibits were identical with appellant's known fingerprints. This is an approved method of proving appellant's prior convictions. *Johnson v. State,* 725 S.W.2d 245 (Tex.Cr.App.1987). Once the judgment and sentence were introduced and appellant was identified with them, the conviction was presumed to be regular unless appellant affirmatively showed that he had not waived his right to trial by jury. *Johnson v. State,* supra; *Morton v. State,* 870 S.W.2d 177 (Tex. App.—Amarillo 1994, pet'n ref'd).

Appellant has not affirmatively established that he did not waive his right to trial by jury. At trial, appellant argued that the waivers were not contained in the pen packets. *Morton v. State, supra.* Appellant's objection was not sufficient to exclude the exhibits. *Breazeale v. State,* 683 S.W.2d 446 (Tex.Cr.App.1984); *Morton v. State, supra.*

Appellant contends that the holding in *Morton* is in conflict with *Boyd v. State,* 660 S.W.2d 820 (Tex.Cr.App.1983), and that *Boyd* is controlling. We disagree. The *Breazeale* court, relying on its opinion in *Boyd,* originally held that the presumption of the regularity of a judgment does not apply to waiver of a jury trial. The court stated that, in order to show a valid waiver, the record must contain a jury waiver signed by the defendant. On rehearing, the court held that, where the judgment recites that the defendant waived his right to trial by jury, the burden is on the defendant to affirmatively establish that he did not waive his right to a jury trial. Appellant's second and third points of error are overruled.

In his fourth and fifth points of error, appellant complains that the trial court erred in charging the jury at punishment on the

enhancement paragraphs for the two convictions. Appellant urges that he suffered "some harm" as required by *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.App.1984). The basis of appellant's argument is that there were no written waivers of jury trials in the pen packets. We have addressed this argument in points of error two and three. The trial court did not err in charging the jury on the prior convictions. Appellant's fourth and fifth points of error are overruled.

The judgment of the trial court is affirmed.