In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-469 CV


____________________



IN RE OTIS LAIRD BOGGESS







Original Proceeding






MEMORANDUM OPINION



 Otis Laird Boggess filed a document that we addressed as a petition for writ of
mandamus. Because the document was not in the required form for a petition for writ of
mandamus, we notified Boggess that he could amend his petition. See Tex. R. App. P. 52. 
Boggess filed a reply in which he claims that the document is not a petition for writ of
mandamus but is a notice of appeal and motion for rendition of judgment and pronouncement
of sentence. See Tex. R. App. P. 23, 25.2.

 Although provided with an opportunity to file an amended petition that demonstrates
that the act sought to be compelled is purely ministerial and that he has a clear and
indisputable right to relief, Boggess has not done so. See State ex rel. Hill v. Court of
Appeals for the Fifth Dist., 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). Boggess claims the
document is a notice of appeal; however, he admits that a written judgment entered in the
case in 2004 recites that sentence had been orally imposed. If the document were a notice
of appeal, it would not invoke our appellate jurisdiction because it was not timely filed from
the date recited in the judgment. See generally Dears v. State, 154 S.W.3d 610, 612 (Tex.
Crim. App. 2005) ("Appellate jurisdiction is invoked by giving timely and proper notice of
appeal."). The recitations in the judgment are binding in the absence of direct proof of their
falsity. Breazeale v. State, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (op. on reh'g). 
Boggess makes a bare assertion that he was not orally sentenced, but supplies no proof to
overcome the presumption of regularity of judgments.

 No mandamus relief is sought in this case, and our appellate jurisdiction has not been
timely invoked. The petition is dismissed.

 APPEAL DISMISSED.

 PER CURIAM



Opinion Delivered December 7, 2006

Before McKeithen, C.J., Gaultney and Kreger, JJ.