TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00039-CR






Keith William Dutson, Jr., Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF SCHLEICHER COUNTY, 51ST JUDICIAL DISTRICT

NO. 1004, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N


 Appellant Keith William Dutson, Jr. filed a notice of appeal following his conviction
for sexual assault of a child. He also filed a motion for a free record. A hearing on the motion was
held at which Dutson was represented by his retained counsel. The trial court found Dutson not
indigent and overruled the motion for a free record. The trial court ordered the court reporter to
prepare the reporter's record from the indigency hearing and ordered the district clerk to prepare a
partial record including documents related to the issue of Dutson's indigent status. Counsel for both
parties have submitted briefs addressing the propriety of the trial court's ruling. We affirm the
court's order overruling the motion for a free record.


STANDARD OF REVIEW

 To qualify as an indigent in order to receive a free copy of the record, a defendant
must be unable to "pay or give security for the appellate record." Tex. R. App. P. 20.2. The
indigency determination is made on a case-by-case basis as of the time the issue is raised and not as
of some prior or future time. Whitehead v. State, 130 S.W.3d 866, 874 (Tex. Crim. App. 2004). 
Determining indigency for purposes of appointing counsel and indigency for purposes of obtaining
a free appellate record are discrete inquiries, but the factors to be considered are the same. Id. at 878. 
A defendant can be found indigent for one purpose without necessarily being found indigent for the
other. Id. Relevant to both indigency determinations are "the defendants's income, source of
income, assets, property owned, outstanding obligations, necessary expenses, the number and
age of dependents, and spousal income that is available to the defendant." McFatridge v. State,
309 S.W.3d 1, 6 (Tex. Crim. App. 2010) (quoting Tex. Code Crim. Proc. Ann. art 26.04(m) (West
Supp. 2011)).

 The court of criminal appeals has adopted a two-step process for courts to use
in making indigency determinations for purposes of a free record on appeal. See Whitehead,
130 S.W.3d at 874. First, the defendant must make a prima facie showing of indigency. Once the
defendant satisfies this initial burden of production, the burden shifts to the State to show that the
defendant is not, in fact, indigent. McFatridge, 309 S.W.3d at 6 (citing Whitehead, 130 S.W.3d at
874). In McFatridge, the court of criminal appeals explained that "[t]his means, essentially, that
unless there is some basis in the record to find the defendant's prima facie showing to be inaccurate
or untrue, the trial court should accept it as sufficient to find him indigent." Id. The court of
criminal appeals elaborated further:


 Once the defendant has made out a prima facie case for indigency, both the burden
of production and the ultimate burden of persuasion fall upon the State to show that
the defendant is not indigent. This does not invariably mean that the State must
actually present additional evidence. Rather, it simply means that there must be some
basis in the record, from whatever source--including evidence embedded in the
defendant's own prima facie case--to question the defendant's indigency.



Id. at 6 n.20 (emphases in original). If the defendant establishes a prima facie showing of indigency,
"an appellate court can uphold a trial court's determination of non-indigence only if the record
contains evidence supporting such a determination." Id. at 875-76. We may affirm the trial court's
ruling denying indigent status only if we find that the trial court, having utilized this two-step
process, "reasonably" believed the defendant was not indigent. McFatridge, 309 S.W.3d at 6;
Whitehead, 130 S.W.3d at 872. The trial court does not have "the nearly unfettered discretion to
simply disbelieve the defendant's evidence of indigence." Whitehead, 130 S.W.3d at 875. "The idea
that a defendant can make a prima facie showing suggests that a trial court should accept the
defendant's evidence absent some reason in the record for not doing so." Id. (citing Snoke v. State,
780 S.W.2d 210, 212 (Tex. Crim. App. 1989)). In that regard, the trial court may require a defendant
to verify his claim of indigence with supporting documentation. Id. And the defendant must
exercise due diligence in asserting his indigency. Abdnor v. State, 712 S.W.2d 136, 140 (Tex. Crim.
App. 1986). The trial court may disbelieve the defendant's allegation of indigence if there is "a
reasonable, articulable basis for doing so, either because there is conflicting evidence or because the
evidence submitted is in some manner suspect or determined by the court to be inadequate." 
Whitehead, 130 S.W.3d at 876. With this standard of review in mind, we consider the evidence
presented to the court.


DISCUSSION

 In his motion for a free record, Dutson stated simply: "I cannot pay or give security
for the appellate record." The motion also contained an unsworn declaration under penalty of perjury
that the statements made in the motion were true and correct. Attached to the motion was an
affidavit of Dutson's retained trial counsel in which he averred that through his representation of
Dutson he had learned about Dutson's financial status, that he was familiar with Dutson's financial
status at the time of the appeal, and that Dutson "does not have the financial ability to pay for an
appellate record in this case." He further averred:


 [Dutson] is indigent and cannot pay or give security for the appellate record. He does
not own any property. There are no outside sources such as relatives and employers
that are legally bound to pay for [Dutson's] appellate expenses. My client is indigent
and should receive a free appellate record.



 The record, specifically the trial court's order denying the motion for a free record,
reflects that before the hearing the trial court provided Dutson with the court's form affidavit of
indigence. The order also reflects that Dutson failed to complete the affidavit of indigence. In other
words, the trial court requested that Dutson verify his claim of indigence with documentation, which
it was plainly permitted to do, see Whitehead, 130 S.W.3d at 875, and Dutson failed to comply. 
While a trial court is not completely free to disbelieve a defendant's allegation concerning his own
financial status, we hold that Dutson's failure to provide the court with the information it requested
supplied a reasonable, articulable basis for its doing so. Id. Moreover, Dutson's failure to complete
and return the affidavit supplied by the trial court constitutes a failure to exercise due diligence in
asserting his indigence. See Abdnor, 712 S.W.2d at 140-41.

 In his appellate brief, counsel for Dutson urges that although "the trial judge claimed
in her order that the court provided the Appellant with an affidavit of indigence, [] there is no
indication in the reporter's record or clerk's record of this ever happening and the undersigned does
not recall ever being presented with such an affidavit by the trial judge." The reporter's record of the
indigency hearing reflects that the motion for a free appellate record was filed in early January 2011,
and at a hearing on Dutson's motion for new trial held on January 20, the court noted that Dutson
had filed the motion. Presumably it was at one of these two hearings that the trial court provided
Dutson with the affidavit of indigence. Because the "undersigned" referred to in Dutson's brief is
a different attorney from the one that appeared at the January 20 hearing, his failure to recall being
presented with an affidavit by the trial judge is unsurprising and of no consequence. Furthermore,
we may not disbelieve the trial court's recitation in its order. To do so would contravene the
presumption of regularity of judgments. See Breazeale v. State, 683 S.W.2d 446, 450 (Tex. Crim.
App. 1984) (recitation in judgment is binding in absence of direct proof of its falsity); In re Estate
of Jones, No. 05-10-00566-CV, 2011 WL 797378, at *1 (Tex. App.--Dallas Mar. 8, 2011, no pet.)
(mem. op.) ("Under the presumption of regularity of judgments, we presume the recitations in the
final judgment are correct absent any evidence to the contrary."); Frantzen v. State,
Nos. 04-06-00195, 00196, 00197-CR, 2007 WL 460652, at *1 (Tex. App.--San Antonio
Feb. 14, 2007, no pet.) (mem. op., not designated for publication) ("Recitations in the records of the
trial court, such as a formal judgment, are binding in the absence of direct proof of their falsity.").

 Dutson asserts that even though the order states that Dutson failed to complete the
affidavit of indigence: (1) the court's docket sheet does not reflect that an affidavit of indigence was
sent to Dutson, (2) the transcript of a hearing held on January 3 does not reflect that an affidavit was
provided to Dutson, (3) there was no mention at the January 20 hearing that an affidavit of indigence
had been given to Dutson, and (4) at the hearing on the motion for a free record, the prosecutor
stated: "The Court is entitled to ask a defendant to fill out a questionnaire, which I understand has
not been done in this case []." None of these constitutes direct proof of the falsity of the trial court's
recitation in its order that Dutson was provided, and failed to return, an affidavit of indigence. The
absence of a docket entry is not direct proof that an affidavit was not provided to Dutson or his
attorney. The January 3 hearing was on Dutson's motion for new trial and the issue of Dutson's
indigence and his request for a free record were not discussed. At the January 20 hearing, which was
also on a motion for new trial, the court stated: "I see that you filed a motion for a free appellate
record, but I don't--it didn't get set for today, so we may have to come back for that." That hearing,
therefore, did not address Dutson's indigence. Finally, the prosecutor's words "which I understand
has not been done in this case" could be understood to have one of two equally plausible
meanings--either that the court had not asked Dutson to fill out a questionnaire or that it did and
Dutson failed to comply. The record does not contain the type of direct proof of the falsity of the
trial court's recitation that is required to rebut the presumption of accuracy.

 Dutson's failure to complete the affidavit of indigence given to him by the trial court
constitutes a reasonable, articulable basis for the trial court to disbelieve his allegations of
indigence. (1) We therefore affirm the order overruling Dutson's motion for a free record. Subject to
extension for good cause shown, Dutson has thirty days from the date of this opinion to pay or make
satisfactory arrangements to pay the clerk's and reporter's fees in this cause. See Tex. R. App. P.
37.3(b), (c).


 _____________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed

Filed: August 2, 2012
1. While the failure to comply with the trial court's request to complete an affidavit of
indigence is alone a sufficient basis for denying the request for a free record, we also note that
the State presented evidence that as of February 25, 2011, Dutson was the registered owner of a
2004 Chevrolet Silverado. This evidence contradicts Dutson's attorney's affidavit in which he
averred that Dutson did not own any property. The State also introduced evidence that Dutson did
"security work" at the Yearning for Zion Ranch owned by the Fundamentalist Church of Jesus Christ
of Latter Day Saints (FLDS), of which Dutson was a member as of the time of his trial. The
State introduced evidence that the FLDS has paid attorneys' fees for criminal lawyers to
defend its members, and pointed out that Dutson was represented by a retained, rather than
court-appointed, attorney.