Opinion issued February 7, 2013



In The

# Court of Appeals
### For The
# First District of Texas

—————————

## NO. 01-12-01170-CR

—————————

## MARCUS ALLEN ROBINSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 1363354**

---

## MEMORANDUM OPINION

Appellant Marcus Allen Robinson pleaded guilty to the felony offense of evading detention with a vehicle and pleaded true to one enhancement paragraph. In exchange for appellant's plea, the State agreed that it would abandon a second enhancement paragraph and recommend that appellant be sentenced to four years' confinement in the Institutional Division of the Texas Department of Criminal

Justice. The trial court found appellant guilty, and in accordance with the terms of appellant's plea agreement with the State, sentenced appellant to confinement for four years. Appellant has filed a *pro se* notice of appeal. We dismiss the appeal.

In a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal. *See id.* The trial court's certification states that this is a plea-bargain case and that the appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).