**Affirmed as Modified and Opinion filed March 16, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00076-CR

**NATHANIEL LAMONT WIGGINS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1560332**

## O P I N I O N

Appellant Nathaniel Lamont Wiggins appeals a judgment of conviction for aggravated robbery with a deadly weapon. In two issues, (1) appellant raises an "as-applied" challenge to the constitutionality of Government Code section 74.056(a), the statute by which the judge who presided over his trial was appointed to sit by assignment, and (2) appellant argues that the trial court assessed statutorily unauthorized court costs. We hold that appellant's as-applied challenge fails, but we agree that the trial court assessed a higher amount of costs than

permitted by the applicable statute.  Accordingly, we modify the judgment to eliminate the unauthorized costs and affirm the judgment as modified.

## Background

A Harris County grand jury indicted appellant for the offense of aggravated robbery with a deadly weapon, a first-degree felony.[1]  Appellant pleaded not guilty, and the case proceeded to trial in the 338th District Court.

Judge Ramona Franklin is the elected judge for the 338th District Court. Judge Franklin signed orders in this case before trial, but she did not preside over the jury trial.  Rather, on the day trial began in appellant's case, the regional administrative judge, Honorable Susan Brown, assigned Denise Collins to "the Criminal District Courts of Harris County, Texas . . . for the primary purpose of hearing cases and disposing of any accumulated business requested by the court." Judge Brown's order states that the assignment was made pursuant to Government Code section 74.056.  *See* Tex. Gov. Code § 74.056(a).  Judge Collins presided over appellant's trial.  Appellant did not object to the assignment or Judge Collins's qualifications as judge.

> During voir dire, Judge Collins told the venire:
>
> I'm Judge Collins.  I'm sure the deputy probably explained to you. District Court send[s] cases to a docket like this.  It's an impact docket.  Meaning, it's like an extra place to send cases to trial, okay.
>
> I'm a senior judge.  I've been doing this for, I guess, including this year, 27 years.  So I know what I'm doing.

At the conclusion of trial, the jury found appellant guilty as charged in the indictment.  The trial court assessed punishment at twenty years' confinement in

---

[1] The underlying facts of the offense are irrelevant to the legal issues raised, so we do not detail them.

the Texas Department of Criminal Justice—Institutional Division.[2]  As reflected in the judgment, the court assessed against appellant $290 in court costs and $370 in reimbursement fees.  Judge Collins signed the judgment.

Appellant timely appealed.

## Analysis

Appellant raises two issues on appeal.  First, he argues that Government Code section 74.056(a), as applied to him, violates Article V, section 7 of the Texas Constitution.  Section 74.056(a) authorizes a presiding judge to assign judges of the administrative region to try cases and dispose of accumulated business.  *See id*.  Second, appellant argues that a certain court cost should not have been assessed in his judgment.

### A.    As-Applied Constitutional Challenge to Section 74.056

#### 1.    *Standard of review*

A statute's constitutionality is a question of law that we review de novo.  *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013).  A litigant who, as here, raises an "as applied" challenge to the constitutionality of a statute concedes the statute's general constitutionality and instead "asserts that the statute is unconstitutional as applied to his particular facts and circumstances."  *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011); *see Johnson v. State*, 562 S.W.3d 168, 175 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd).  In such an analysis, we presume that the statute is valid and that the Legislature has not acted unreasonably or arbitrarily.  *See Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002).  Thus, the burden rests on the individual challenging the statute

---

[2] The indictment included one enhancement paragraph alleging that appellant was convicted previously of the felony offense of felon in possession of a weapon.  Appellant pleaded true to the enhancement paragraph, which the court found true.

to demonstrate its unconstitutionality. *Id.*; *Schlittler v. State*, 488 S.W.3d 306, 313 (Tex. Crim. App. 2016).

"When interpreting our state constitution, we rely heavily on its literal texts, and are to give effect to its plain language." *Fain v. State*, 986 S.W.2d 666, 672 (Tex. App.—Austin 1998, pet. ref'd). "As with statutory construction, when we construe a provision of the Texas Constitution, we are principally guided by the language of the provision itself as the best indicator of the intent of the framers who drafted it and the citizenry who adopted it." *Johnson v. Tenth Jud. Dist. Ct. App. at Waco*, 280 S.W.3d 866, 872 (Tex. Crim. App. 2008); *see also Oakley v. State*, 830 S.W.2d 107, 109 (Tex. Crim. App. 1992) ("[T]hose who are called on to construe the Constitution should not thwart the will of the people by construing it differently from its plain meaning.").

2.   *Application*

The presiding judge's order assigning Judge Collins to the Criminal District Courts of Harris County is based on Government Code section 74.056(a), which provides:

> A presiding judge from time to time shall assign the judges of the administrative region to hold special or regular terms of court in any county of the administrative region to try cases and dispose of accumulated business.

Tex. Gov't Code § 74.056(a). Appellant acknowledges that the assignment does not run afoul of section 74.056(a).

According to appellant, however, the presiding judge's invocation of section 74.056(a) to appoint Judge Collins in this instance is constitutionally infirm when considering Texas Constitution article V, section 7. That section speaks to requirements for judicial districts and district court judges. It states:

4

The State shall be divided into judicial districts, with each district having one or more Judges as may be provided by law or by this Constitution. Each district judge shall be elected by the qualified voters at a General Election and shall be a citizen of the United States and of this State, who is licensed to practice law in this State and has been a practicing lawyer or a Judge of a Court in this State, or both combined, for four (4) years next preceding his election, who has resided in the district in which he was elected for two (2) years next preceding his election, and who shall reside in his district during his term of office and hold his office for the period of four (4) years, and who shall receive for his services an annual salary to be fixed by the Legislature. The Court shall conduct its proceedings at the county seat of the county in which the case is pending, except as otherwise provided by law. He shall hold the regular terms of his Court at the County Seat of each County in his district in such manner as may be prescribed by law. The Legislature shall have power by General or Special Laws to make such provisions concerning the terms or sessions of each Court as it may deem necessary.

**The Legislature shall also provide for the holding of District Court when the Judge thereof is absent, or is from any cause disabled or disqualified from presiding.**

Tex. Const. art. V, § 7 (emphasis added).

Appellant asserts that section 74.056(a) permits the assignment of a visiting judge to try cases and dispose of accumulated business but fails to condition the assignment on a preliminary finding that the elected district judge be absent, disabled, or disqualified, which appellant contends is required by the last paragraph of article V, section 7. As appellant interprets that section of our state's Constitution, only the elected judge of a judicial district may preside over matters assigned to his or her respective court, with the sole exception being when the elected judge is absent, disabled, or disqualified; then, and only then, may section 74.056 operate constitutionally. Because "nothing in the record indicates the elected judge of the 338th District Court—Ramona Franklin—was absent,

5

disabled, or disqualified," appellant argues that Judge Collins's assignment under section 74.056 was unconstitutional in this case.

Ours is not the first appellate court to consider the constitutional challenge appellant raises. Just last year, our sister court in Houston rejected the argument in *Smith v. State*, No. 01-19-00442-CR, 2020 WL 6731656, at *4-6 (Tex. App.—Houston [1st Dist.] Nov. 17, 2020, no pet. h.) (mem. op., not designated for publication). As did that court, we look first to, and rely heavily upon, the constitutional provision's plain text. *Id*. at *5. The text's clear meaning directs the Legislature to enact legislation to ensure that a district court's business may continue unabated when the elected judge is absent, disabled, or disqualified. *See* Tex. Const. art. V, § 7, and interpretative commentary.[3] But it does not in any respect constrain the Legislature to permitting the assignment of visiting judges only in the situations mentioned. As the *Smith* court observed, "[n]othing in the provision's text, or otherwise, indicates that the legislature lacks authority to enact legislation permitting eligible and qualified judges to be assigned to district courts *even when* the elected judge of the district court is not absent, disabled, or disqualified." *Smith*, 2020 WL 6731656, at *6 (emphasis added).

In support, the *Smith* court cited analogous precedent. In *Dean v. Dean*, 214 S.W. 505, 507 (Tex. App.—Austin 1919, no writ), the court addressed the argument that a statute—which at the time allowed for the election of a "special judge" to sit for the "regular" district court judge when the regular judge was

---

[3] The commentary states:

> So that absence, disability or disqualification of the judge during the session of the court will not operate to adjourn the court or prevent the holding of the court, the constitution authorizes the legislature to provide for the holding of district court when the judge is absent, or is for any cause disabled or disqualified from presiding.

Tex. Const. art. V, § 7 (interpretative commentary).

"unwilling to hold court"—violated article V, section 7 because "unwilling to hold court" did not constitute an absence, disqualification, or disability, as prescribed in the last paragraph of the constitutional provision. *Id.* (considering Rev. Civ. Stat. art. 1678). The court rejected the constitutional challenge, stating, "We do not think that, because the Constitution makes it the duty of the Legislature to provide for supplying the place of the regular judge in certain specified events, it is therefore deprived of the power to so provide in other events." *Id.* Based on the Constitution's language, its apparent purpose, and sensible analogous authority, the *Smith* court determined that the appellant in that case had not met his burden to show that Government Code section 74.056(a) was unconstitutional as applied to him. *Smith*, 2020 WL 6731656, at *6.

We agree with the First Court of Appeals on this issue. Appellant posits that the constitution "absolutely prohibits the assignment of visiting judges when the elected district judge is not absent, disabled, or disqualified," but neither the relevant language nor its interpretative commentary supports his assertion. Article V, section 7 ensures that the absence, disability, or disqualification of a judge will not operate to adjourn court or prevent the holding of court; but it does not limit the Legislature's ability to enact legislation permitting eligible and qualified judges to be assigned to district courts in other circumstances. *Id.*; *Dean*, 214 S.W. at 507.

We hold that appellant's as-applied challenge to the constitutionality of section 74.056(a) fails, and we overrule his first issue.

## B. Court Costs

In his second issue, appellant argues that the trial court erred in assessing court costs not authorized by statute. Specifically, appellant contends that the trial court assessed $185 in "consolidated court costs," when the effective version of the applicable statute authorized only $133 in such costs.

In the 2019 legislative session, the Legislature amended Local Government Code section 133.102. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 1.03. Section 133.102 authorizes imposition of certain costs and fees against a person convicted of an offense. *See* Tex. Loc. Gov't Code § 133.102 (entitled "Consolidated Fees on Conviction"). Whereas prior to the amendment, the statute provided that a person convicted of a felony shall pay a "court cost" of $133, *see id.* § 133.102(a)(1) (West 2017), the new version increased that amount to $185. *Id.* § 133.102(a)(1) (West 2020); *see also* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 1.03(a)(1). The 2019 legislative act also states that, except as otherwise provided, the changes in law apply only to a cost, fee, or fine on conviction for an offense committed on or after the effective date of the act, which was January 1, 2020. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, §§ 5.01, 5.04.

It is undisputed that appellant allegedly committed the offense in this case in 2017, which was prior to the effective date of the legislative change to section 133.102. The State agrees that the trial court should have only assessed $133 in consolidated court costs. Accordingly, we sustain this part of appellant's second issue and modify the trial court's judgment to reflect a decrease of $52 in assessed court costs.

In a single sentence at the end of the argument section for appellant's second issue, appellant also contends that "the trial court should conduct an ability-to-pay inquiry before assessing any court costs," adding in a footnote that "[a]n ability-to-pay inquiry is required under Article 42.15(a-1) of the Texas Code of Criminal Procedure."

Code of Criminal Procedure article 42.15(a-1) requires that "during or immediately after imposing a sentence in a case" the trial court "shall inquire

whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs." Tex. Code Crim. Proc. art. 42.15(a-1). In his reply brief, appellant asserts that "the record does not show the trial court ever held an ability-to-pay inquiry as required by Code of Criminal Procedure, Article 42.15(a-1)." We disagree. The recitals in the judgment of conviction reflect that the trial court ordered appellant to pay court costs "[a]fter having conducted an inquiry into [appellant's] ability to pay."

Recitals contained in a judgment create a presumption of regularity and truthfulness, absent an affirmative showing to the contrary. *Breazeale v. State*, 683 S.W.2d 446, 450-51 (Tex. Crim. App. 1985) (op. on reh'g). The burden is on the defendant to overcome this presumption. *Ex parte Wilson*, 716 S.W.2d 953, 956 (Tex. Crim. App. 1986). Appellant does not point to any evidence contradicting the judgment recitals and therefore has not overcome the presumption of regularity. *See Breazeale*, 683 S.W.2d at 451 (instructing that presumption of judgment's regularity and truthfulness "is never to be lightly set aside"); *see also Smith*, 2020 WL 6731656, at *8-9. We overrule this part of appellant's second issue.

## Conclusion

We modify the trial court's judgment to reflect an assessment of $133 in consolidated court costs, which shall decrease the total costs by $52. We leave undisturbed the remainder of the trial court's judgment, and we affirm the trial court's judgment as modified.


/s/    Kevin Jewell
       Justice


Panel consists of Chief Justice Christopher and Justices Jewell and Poissant.

Publish — Tex. R. App. P. 47.2(b).

10