# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00039-CR

**Keith William Dutson, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF SCHLEICHER COUNTY, 51ST JUDICIAL DISTRICT
NO. 1004, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Keith William Dutson, Jr. filed a notice of appeal following his conviction for sexual assault of a child. He also filed a motion for a free record. A hearing on the motion was held at which Dutson was represented by his retained counsel. The trial court found Dutson not indigent and overruled the motion for a free record. The trial court ordered the court reporter to prepare the reporter's record from the indigency hearing and ordered the district clerk to prepare a partial record including documents related to the issue of Dutson's indigent status. Counsel for both parties have submitted briefs addressing the propriety of the trial court's ruling. We affirm the court's order overruling the motion for a free record.

## STANDARD OF REVIEW

To qualify as an indigent in order to receive a free copy of the record, a defendant must be unable to "pay or give security for the appellate record." Tex. R. App. P. 20.2. The

indigency determination is made on a case-by-case basis as of the time the issue is raised and not as of some prior or future time. *Whitehead v. State*, 130 S.W.3d 866, 874 (Tex. Crim. App. 2004). Determining indigency for purposes of appointing counsel and indigency for purposes of obtaining a free appellate record are discrete inquiries, but the factors to be considered are the same. *Id.* at 878. A defendant can be found indigent for one purpose without necessarily being found indigent for the other. *Id.* Relevant to both indigency determinations are "the defendants's income, source of income, assets, property owned, outstanding obligations, necessary expenses, the number and age of dependents, and spousal income that is available to the defendant." *McFatridge v. State*, 309 S.W.3d 1, 6 (Tex. Crim. App. 2010) (quoting Tex. Code Crim. Proc. Ann. art 26.04(m) (West Supp. 2011)).

The court of criminal appeals has adopted a two-step process for courts to use in making indigency determinations for purposes of a free record on appeal. *See Whitehead*, 130 S.W.3d at 874. First, the defendant must make a prima facie showing of indigency. Once the defendant satisfies this initial burden of production, the burden shifts to the State to show that the defendant is not, in fact, indigent. *McFatridge*, 309 S.W.3d at 6 (citing *Whitehead*, 130 S.W.3d at 874). In *McFatridge*, the court of criminal appeals explained that "[t]his means, essentially, that unless there is some basis in the record to find the defendant's *prima facie* showing to be inaccurate or untrue, the trial court should accept it as sufficient to find him indigent." *Id*. The court of criminal appeals elaborated further:

> Once the defendant has made out a *prima facie* case for indigency, both the burden of production and the ultimate burden of persuasion fall upon the State to show that the defendant is *not* indigent. This does not invariably mean that the State must

actually present additional evidence. Rather, it simply means that there must be *some* basis in the record, from whatever source—including evidence embedded in the defendant's own *prima facie* case—to question the defendant's indigency.

*Id.* at 6 n.20 (emphases in original). If the defendant establishes a *prima facie* showing of indigency, "an appellate court can uphold a trial court's determination of non-indigence only if the record contains evidence supporting such a determination." *Id.* at 875-76. We may affirm the trial court's ruling denying indigent status only if we find that the trial court, having utilized this two-step process, "reasonably" believed the defendant was not indigent. *McFatridge*, 309 S.W.3d at 6; *Whitehead*, 130 S.W.3d at 872. The trial court does not have "the nearly unfettered discretion to simply disbelieve the defendant's evidence of indigence." *Whitehead*, 130 S.W.3d at 875. "The idea that a defendant can make a *prima facie* showing suggests that a trial court should accept the defendant's evidence absent some reason in the record for not doing so." *Id.* (citing *Snoke v. State*, 780 S.W.2d 210, 212 (Tex. Crim. App. 1989)). In that regard, the trial court may require a defendant to verify his claim of indigence with supporting documentation. *Id.* And the defendant must exercise due diligence in asserting his indigency. *Abdnor v. State*, 712 S.W.2d 136, 140 (Tex. Crim. App. 1986). The trial court may disbelieve the defendant's allegation of indigence if there is "a reasonable, articulable basis for doing so, either because there is conflicting evidence or because the evidence submitted is in some manner suspect or determined by the court to be inadequate." *Whitehead*, 130 S.W.3d at 876. With this standard of review in mind, we consider the evidence presented to the court.

3

**DISCUSSION**

In his motion for a free record, Dutson stated simply: "I cannot pay or give security for the appellate record." The motion also contained an unsworn declaration under penalty of perjury that the statements made in the motion were true and correct. Attached to the motion was an affidavit of Dutson's retained trial counsel in which he averred that through his representation of Dutson he had learned about Dutson's financial status, that he was familiar with Dutson's financial status at the time of the appeal, and that Dutson "does not have the financial ability to pay for an appellate record in this case." He further averred:

> [Dutson] is indigent and cannot pay or give security for the appellate record. He does not own any property. There are no outside sources such as relatives and employers that are legally bound to pay for [Dutson's] appellate expenses. My client is indigent and should receive a free appellate record.

The record, specifically the trial court's order denying the motion for a free record, reflects that before the hearing the trial court provided Dutson with the court's form affidavit of indigence. The order also reflects that Dutson failed to complete the affidavit of indigence. In other words, the trial court requested that Dutson verify his claim of indigence with documentation, which it was plainly permitted to do, *see Whitehead*, 130 S.W.3d at 875, and Dutson failed to comply. While a trial court is not completely free to disbelieve a defendant's allegation concerning his own financial status, we hold that Dutson's failure to provide the court with the information it requested supplied a reasonable, articulable basis for its doing so. *Id.* Moreover, Dutson's failure to complete and return the affidavit supplied by the trial court constitutes a failure to exercise due diligence in asserting his indigence. *See Abdnor*, 712 S.W.2d at 140-41.

In his appellate brief, counsel for Dutson urges that although "the trial judge claimed in her order that the court provided the Appellant with an affidavit of indigence, [] there is no indication in the reporter's record or clerk's record of this ever happening and the undersigned does not recall ever being presented with such an affidavit by the trial judge." The reporter's record of the indigency hearing reflects that the motion for a free appellate record was filed in early January 2011, and at a hearing on Dutson's motion for new trial held on January 20, the court noted that Dutson had filed the motion. Presumably it was at one of these two hearings that the trial court provided Dutson with the affidavit of indigence. Because the "undersigned" referred to in Dutson's brief is a different attorney from the one that appeared at the January 20 hearing, his failure to recall being presented with an affidavit by the trial judge is unsurprising and of no consequence. Furthermore, we may not disbelieve the trial court's recitation in its order. To do so would contravene the presumption of regularity of judgments. *See Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (recitation in judgment is binding in absence of direct proof of its falsity); *In re Estate of Jones*, No. 05-10-00566-CV, 2011 WL 797378, at *1 (Tex. App.—Dallas Mar. 8, 2011, no pet.) (mem. op.) ("Under the presumption of regularity of judgments, we presume the recitations in the final judgment are correct absent any evidence to the contrary."); *Frantzen v. State*, Nos. 04-06-00195, 00196, 00197-CR, 2007 WL 460652, at *1 (Tex. App.—San Antonio Feb. 14, 2007, no pet.) (mem. op., not designated for publication) ("Recitations in the records of the trial court, such as a formal judgment, are binding in the absence of direct proof of their falsity.").

Dutson asserts that even though the order states that Dutson failed to complete the affidavit of indigence: (1) the court's docket sheet does not reflect that an affidavit of indigence was

sent to Dutson, (2) the transcript of a hearing held on January 3 does not reflect that an affidavit was provided to Dutson, (3) there was no mention at the January 20 hearing that an affidavit of indigence had been given to Dutson, and (4) at the hearing on the motion for a free record, the prosecutor stated: "The Court is entitled to ask a defendant to fill out a questionnaire, which I understand has not been done in this case []." None of these constitutes direct proof of the falsity of the trial court's recitation in its order that Dutson was provided, and failed to return, an affidavit of indigence. The absence of a docket entry is not direct proof that an affidavit was not provided to Dutson or his attorney. The January 3 hearing was on Dutson's motion for new trial and the issue of Dutson's indigence and his request for a free record were not discussed. At the January 20 hearing, which was also on a motion for new trial, the court stated: "I see that you filed a motion for a free appellate record, but I don't—it didn't get set for today, so we may have to come back for that." That hearing, therefore, did not address Dutson's indigence. Finally, the prosecutor's words "which I understand has not been done in this case" could be understood to have one of two equally plausible meanings—either that the court had not asked Dutson to fill out a questionnaire or that it did and Dutson failed to comply. The record does not contain the type of direct proof of the falsity of the trial court's recitation that is required to rebut the presumption of accuracy.

Dutson's failure to complete the affidavit of indigence given to him by the trial court constitutes a reasonable, articulable basis for the trial court to disbelieve his allegations of indigence.[1] We therefore affirm the order overruling Dutson's motion for a free record. Subject to

---

[1] While the failure to comply with the trial court's request to complete an affidavit of indigence is alone a sufficient basis for denying the request for a free record, we also note that the State presented evidence that as of February 25, 2011, Dutson was the registered owner of a

6

extension for good cause shown, Dutson has thirty days from the date of this opinion to pay or make satisfactory arrangements to pay the clerk's and reporter's fees in this cause.  *See* Tex. R. App. P. 37.3(b), (c).

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed

Filed:   August 2, 2012

---

2004 Chevrolet Silverado.  This evidence contradicts Dutson's attorney's affidavit in which he averred that Dutson did not own any property.  The State also introduced evidence that Dutson did "security work" at the Yearning for Zion Ranch owned by the Fundamentalist Church of Jesus Christ of Latter Day Saints (FLDS), of which Dutson was a member as of the time of his trial.  The State introduced evidence that the FLDS has paid attorneys' fees for criminal lawyers to defend its members, and pointed out that Dutson was represented by a retained, rather than court-appointed, attorney.