

NUMBER 13-14-00129-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**RUDY SILLER,**                                                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                       **Appellee.**

**On appeal from the 117th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria
Memorandum Opinion by Chief Justice Valdez**

A jury found appellant, Rudy Siller, guilty of one count of assault of a public servant, a third-degree felony. However, because Siller had two prior felony convictions, the offense was enhanced pursuant to the habitual felony offender statute to require a punishment range of twenty-five to ninety-nine years. *See* TEX. PENAL CODE ANN. §§ 12.

42(d), 22.01(b)(1) (West, Westlaw through 2013 3d C.S.).  The trial court sentenced Siller to twenty-five years' imprisonment.  By one issue, Siller contends that his right to counsel was violated because the record does not reflect whether his trial counsel was present at resentencing.  We affirm.

## I.     PERTINENT FACTS

The jury found Siller guilty.  However, Siller elected for the trial court to impose his sentence.   At the punishment hearing, Siller pleaded "true" to two enhancement paragraphs alleging that he had committed two prior felonies.  The trial court found the enhancement paragraphs "true" and assessed a punishment of fifteen years' imprisonment.  After a recess, the trial court brought Siller back to the courtroom and told him that "both attorneys" had approached the trial court and informed it that in order to sentence Siller to fifteen years, it had to find one of the enhancements "not true."  The trial court stated that it could not do so and that it had found both of the previous felony convictions to be "true."  The trial court then resentenced Siller to twenty-five years' imprisonment.  This appeal ensued.

## II.     DISCUSSION

By his sole issue, Siller contends that his right to counsel was violated during the punishment phase of his trial because the record does not show that his trial counsel was present when the trial court resentenced him to twenty-five years' confinement.[1]  The State responds that the judgment recites that Siller appeared with trial counsel and that due to the presumption of regularity of judgments of conviction, we should affirm absent evidence showing that trial counsel was not present.

---

[1] In his brief, Siller states, "Frankly, it is unknown whether counsel was present at the resentencing."

2

When she originally sentenced Siller to fifteen years, the judge found it true that Siller had two prior felony convictions. When the judge had Siller brought back into the courtroom, she said:

> All right. If you will be seated. Mr. Siller, after you left, both attorneys approached me and that in order for me to sentence you to 15 years, I have to find that one of the enhancement offenses is not true. And unfortunately, I can't find that it is not true. You've pled true to it, it is supported by the evidence, and the judgment, and I am going to, in effect, change the sentencing because I am—I can't find that it's not true, and so if there's two prior felony convictions, I am limited and I am going to find that I have found you guilty of the offense of assault on a public servant. I'm going to find that it is true, the two prior felony convictions, and I'm going to sentence you to 25 years in the Texas Department of Criminal Justice. I do not have a leeway. I would have to ignore and find something not true that is obviously true. So it is 25 years minimum in the Texas Department of Criminal Justice.[2]

Here, the judge found the enhancements to be true and based on our review of the record, had originally intended to sentence Siller as a habitual felony offender. *See* TEX. PENAL CODE ANN. § 12. 42(d) ("[I]f it is shown on the trial of a felony offense . . . that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished

---

[2] As an initial matter, we note that the Texas Court of Criminal Appeals has held

> that a trial court . . . retains plenary power to modify its sentence if, as in this case, the modification is made on the same day as the assessment of the initial sentence and before the court adjourns for the day. The re-sentencing must be done in the presence of the defendant, his attorney, and counsel for the state. Such modifications comport with the provisions of Article 42.09, § 1, that a defendant's sentence begins to run on the day that it is pronounced, and the provisions of Tex. Code Crim. Proc. Art. 42.03, § 1(a), that a felony sentence shall be pronounced in the defendant's presence. In such circumstances, a trial court has the authority to re-sentence a defendant after assessing an initial sentence if the modified sentence is authorized by statute.

*State v. Aguilera*, 165 S.W.3d 695, 698 (Tex. Crim. App. 2005). Thus, to the extent that Siller argues that the trial court lacked authority to resentence him with counsel present, we reject that argument. *See id.*

by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years."). Under the habitual felony offender statute, the judge was not authorized to impose a sentence that was less than twenty-five years. *See id.* The record reflects that the judge made a mistake in her initial sentence of fifteen years, and after defense counsel and the prosecutor informed her of the mistake, she quickly corrected it by imposing a proper sentence for a habitual felony offender. After making the finding that Siller was a habitual felony offender, the trial court was not authorized to impose a fifteen-year sentence. Thus, we overrule Siller's issue to the extent that he complains that we must reinstate the original fifteen-year sentence.

Next, nothing in the record indicates that Siller's trial counsel was not present when the judge brought Siller back into the courtroom. In fact, the judge specifically stated that she was resentencing Siller because his trial counsel and the prosecutor had informed her that she had to make a finding that one of the enhancement paragraphs was not true in order to sentence him to only fifteen years. Nothing in the record suggests that Siller's trial counsel left the courtroom after informing the judge of her error.[3] Moreover, the judgment recites that Siller appeared with his trial counsel. A presumption of regularity created by recitals in the judgment are binding absent evidence in the record that error occurred. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984); *see also Denby v. State*, Nos. 14-97-01327-CR, 14-97-01328-CR, 1999 WL 627889, at *2 (Tex.

---

[3] The record shows that the trial court sentenced Siller to fifteen years and that the proceedings were "recessed." The court reporter documented that then, "Thereafter the Court brought the Defendant back into the courtroom and the following occurred." At this point, the trial court informed Siller that his trial counsel had explained that the trial court had to find one of the enhancement paragraphs "not true" in order to sentence Siller to only fifteen years. After the resentencing, the reporter' record indicates that the "proceedings adjourned." Thus, there is nothing in the record showing that Siller's trial counsel left the courtroom.

4

App.—Houston [14th Dist.] 1999, no pet.) (mem. op., not designated for publication) (providing that the appellant's claim that he was not represented by counsel at resentencing was without merit because, among other things, the judgment recited that the appellant appeared in person with his trial counsel). Here, even Siller acknowledges that there is nothing in the record showing that his trial counsel was not present at the resentencing. Thus, we conclude that the recital in the judgment that Siller appeared with trial counsel created a presumption of regularity and that without any evidence showing that Siller's trial counsel left the courtroom before the resentencing, we must presume that Siller's trial counsel was present.[4] We overrule Siller's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

**/s/ Rogelio Valdez**
Rogelio Valdez
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of October, 2014.

---

[4] Although Siller filed a motion for new trial alleging ineffective assistance of his trial counsel for reasons unrelated to resentencing, Siller did not complain in his motion that his counsel was not present during the resentencing.

5