COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Keith Wayne Frances v. The State of Texas

Appellate case number:      01-14-00715-CR

Trial court case number:    1406601

Trial court:                178th District Court of Harris County

The grand jury returned a true bill of indictment against appellant for the felony offense of possession of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2010). On June 25, 2014, appellant filed a "Motion to Set Aside Indictment." On Jun 26, 2014, the trial court denied the motion in writing. Appellant pleaded guilty on August 5, 2014, and, in accordance with appellant's plea-bargain agreement, the trial court sentenced appellant to eight months in a state jail facility. The trial court then executed a certification of appellant's right to appeal, stating that this "is a plea-bargain case, and the defendant has NO right of appeal." Appellant, acting pro se, filed a notice of appeal. The trial court appointed counsel, Casey Garrett, to represent appellant for purposes of appeal.

The trial court's certification of the appellant's right of appeal is defective. The certification states that this is a plea-bargain case, but the record contradicts the certification. *See Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (holding that recitations in trial court records are binding unless record contradicts them). Although appellant pleaded guilty in exchange for a plea-bargain agreement from the State, appellant had previously filed a written motion, which the trial court ruled on. Therefore, this case is not a plea-bargain case.[1] *See* TEX. CODE CRIM. PROC. ANN.

---

[1]    Appellant also executed a waiver of the right to appeal in the stipulations included as a part of his plea paperwork, but that waiver was a pretrial waiver and does not indicate that it was executed in exchange for some consideration from the State and is therefore not valid. *See Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009); *Ex parte Delaney*, 207 S.W.3d 794, 799–800 (Tex. Crim. App. 2006).

art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2)(A); *see also, e.g.*, *Wood v. State*, Nos. 14-12-01131-CR, 14-12-001132-CR, 2014 WL 1481319, passim (Tex. App.—Houston [14th Dist.] Apr. 15, 2014, no pet.) (not designated for publication) (affirming appeal from denial of motion to quash indictment after appellant pleaded guilty in trial court).

The Rules of Appellate Procedure require us to dismiss an appeal unless a certification showing that the appellant has the right to appeal has been made part of the record. *See* TEX. R. APP. P. 25.2(a)(2). The rules also provide that an amended trial court's certification of the defendant's right to appeal correcting a defect or omission may be filed in the appellate court. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1. Further, when we have a record, we are obligated to review the record to ascertain whether the certification is defective and, if it is defective, we must use Rules 37.1 and 34.5(c) to obtain a correct certification. *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *see* TEX. R. APP. P. 34.5(c), 37.1.

We, therefore, abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall conduct a hearing within 20 days of the date of this order at which a representative of the Harris County District Attorney's Office and appellant's counsel, Casey Garrett, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.[2]

We direct the trial court to execute an amended certification of appellant's right to appeal, to make any other findings and recommendations the trial court deems appropriate; and to enter written findings of fact, conclusions of law, and recommendations as appropriate, separate and apart from any docket sheet notations. *See* TEX. R. APP. P. 25.2(f).

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court within 25 days of the date of this order. The court reporter is directed to file the reporter's record of the hearing within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

---

[2]     On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: /s/ Chief Justice Sherry Radack
☒ Acting individually     ☐ Acting for the Court

Date:  October 23, 2014