

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00021-CR

_____

EDWARD G. MCBROWN, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 9
Tarrant County, Texas
Trial Court No. 1553701

Before Sudderth, C.J.; Gabriel and Bassel, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

## I. Introduction

Appellant Edward G. McBrown was charged with possession of marijuana in a usable amount of two ounces or less. *See* Tex. Health & Safety Code Ann. § 481.121(b)(1). Appellant filed a motion to suppress evidence obtained during the search incident to his arrest. The trial court denied the motion. Appellant then pleaded guilty, and the trial court sentenced him to two days' incarceration in the Tarrant County Jail. The trial court also certified Appellant's right to appeal the suppression ruling.

The evidence that Appellant sought to suppress was discovered during a search incident to his arrest, which occured pursuant to a capias warrant issued as a result of his failure to pay a judgment assessing a fine for a traffic violation. Appellant argues that the trial court erred by finding that the warrant was supported by probable cause because the warrant's statements are conclusory and because no affidavit was presented showing the basis for its issuance. In three issues, Appellant argues that the trial court's failure to suppress the evidence discovered during the search violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution; article I, section 9 of the Texas constitution; and article 38.23 of the Texas Code of Criminal Procedure. *See* U.S. Const. amends. IV, XIV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 38.23. We disagree. The recitations of the capias warrant adequately showed the basis for its issuance and thus established

2

probable cause for Appellant's arrest. Appellant made no other challenge to the search. We affirm.

## II. Factual background

The sole witness at the hearing on the motion to suppress was the arresting officer. The arresting officer stopped Appellant's vehicle after he was alerted by a narcotics officer who had witnessed Appellant commit a traffic violation. Appellant was driving without a license. A computer check revealed five possible outstanding traffic tickets.

The arresting officer confirmed one of the warrants and placed Appellant under arrest. The officer then conducted a search incident to the arrest and found in Appellant's pocket a baggie of what the officer believed to be marijuana.

The warrant at issue, styled "CAPIAS WARRANT," was introduced into evidence without objection. The factual recitations of the warrant stated,

> GREETINGS: Whereas on **01/09/2014**, before a judge of the Municipal Court of the City of Fort Worth, Texas, **EDWARD G[.] MCBROWN**, Defendant, . . . was convicted of the offense of §**TC 545.104 CHANGING LANES WITHOUT SIGNAL**, a judgment was rendered by said court in favor of the state, against said Defendant for the sum of **$318.50** and all costs of cause; and there is due and unpaid of said judgment the amount of **$318.50**, plus any collection fees authorized by law.

Appellant argued that the State had the obligation to produce both the warrant and the affidavit underlying its issuance to establish probable cause for his arrest and that not to suppress the evidence violated his rights under the Fourth and Fourteenth

3

Amendments to the United States Constitution; article I, section 9 of the Texas

constitution; and article 38.23 of the Texas Code of Criminal Procedure.[1]

The trial court overruled Appellant's motion to suppress by noting,

Okay. So on the challenge of the arrest for this capias, I'm gonna deny the motion to suppress[,] and I'll make these observations. A capias warrant, unlike a standard probable cause warrant -- And I also recognize that a capias warrant, even though it seeks to define a class of warrants that are not the same as the type of warrants that police produce, it does have local customary interpretations that don't really comport with the classic nature of what a capias warrant is. But this is more in the form of a court order.

It's -- I've heard no testimony to suggest that there's anything incorrect about this being an accurate copy of the warrant issued in this matter. It does contain factual recitals. It states that there was a finding of guilty on a traffic violation that, whether this is a court cost[] or a fine, money was assessed and money was not paid. Therefore, a warrant was issued to enforce payment of money that had been assessed in a prior charge. So it would -- I doubt that there is an affidavit, just like the orders for arrest that I sign in this court on a regular basis for people failing to appear or after several attempts to contact, failing to pay money, or things of that nature.

So, that being the case, the Court finds that this is an adequate summary of the reason why this warrant was issued. It is purportedly signed by a municipal judge of the City of Fort Worth. The Court will note in passing that the officer who testified in this case was also a Fort Worth Police sergeant. And on that basis, the Court will find that there was a legal authorization to take the defendant in[to] custody for failing to comply with his obligation to, in some manner, satisfy the outstanding balance he owed for the traffic offense that is stated in State's Exhibit No. 1, which was the basis of this capias being entered. So that will be the judgment of the Court.

---

[1]Appellant cites no distinctions in analysis between the United States Constitution, the Texas constitution, or the Texas Code of Criminal Procedure.

### III. Standard of review

We apply a bifurcated standard of review to a trial court's ruling on a motion to suppress evidence. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We defer almost totally to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on evaluating credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

### IV. Applicable law

A municipal court may bring before it a defendant who has not paid a fine by means of a capias pro fine. *See* Tex. Code Crim. Proc. Ann. art. 45.045(a) ("If the defendant is not in custody when the judgment is rendered or if the defendant fails to satisfy the judgment according to its terms, the court may order a capias pro fine, as defined by [a]rticle 43.015, issued for the defendant's arrest."). Article 45.045 of the code of criminal procedure further provides,

> The capias pro fine shall state the amount of the judgment and sentence[] and command the appropriate peace officer to bring the defendant before the court immediately or place the defendant in jail until the business day following the date of the defendant's arrest if the defendant cannot be brought before the court immediately.

*Id.* Article 45.045 references the definition of a capias pro fine found in article 43.015, which provides,

5

(2) "Capias pro fine" means a writ that is:

    (A) issued by a court having jurisdiction of a case after judgment and sentence for unpaid fines and costs; and

    (B) directed "To any peace officer of the State of Texas" and commanding the officer to arrest a person convicted of an offense and bring the arrested person before that court immediately.

*Id.* art. 43.015(2).

Though the capias pro fine is issued after judgment, the Texas Court of Criminal Appeals has held that it still must be supported by probable cause. *Jones v. State*, 119 S.W.3d 766, 786 (Tex. Crim. App. 2003). In the context of a capias pro fine, "a judgment for a traffic violation, together with a finding by the court that the defendant has failed to satisfy its terms, will comprise sufficient probable cause to support issuance of the capias pro fine." *Id.* The question is how the existence of probable cause to support the issuance of the capias must be established.[2]

In *Jones*, the issuance of the capias pro fine was described by the testimony of a municipal court judge who explained the procedures of his court and why he believed that those procedures demonstrated the validity of the capias pro fine used as a basis for the appellant's arrest. *Id.* That testimony gave "an adequate determination that there was a reason to believe the judgments had not been satisfied in appellant's

---

[2]Appellant's sole authority, *Gordon v. State*, 801 S.W.2d 899 (Tex. Crim. App. 1990), is inapposite because the chapter 45 warrant in that case was not an article 43.015(2) warrant.

6

cases." *Id.* Thus, the trial court did not abuse its discretion by finding that probable cause existed to issue the warrant in the form of the capias. *Id.*

The Waco Court of Appeals applied *Jones* to a situation in which a defendant was arrested on the basis of a capias pro fine, but the judge signing the capias did not testify about the probable cause supporting its issuance. *See Howard v. State*, No. 10-06-00368-CR, 2007 WL 4260525, at *2 (Tex. App.—Waco 2007, pet. dism'd, untimely filed) (mem. op., not designated for publication). Even without the testimony of the municipal judge, the *Howard* court concluded that when the capias was admitted into evidence by agreement, it provided probable cause for the arrest:

> Neither Howard nor the State offered any testimony or evidence at the suppression hearing[] but admitted the *capias* by agreement. The *capias* states that a judgment was entered before the municipal court against Howard for possession of drug paraphernalia, that Howard was ordered to pay a specific fine, and that the judgment [was] unsatisfied. No one appears to dispute these facts. Accordingly, the existence of a judgment, coupled with the municipal court's finding that Howard had failed to comply with the judgment's terms, establishes sufficient probable cause to support issuance of the capias pro fine. *See Jones*, 119 S.W.3d at 786; *see also* Tex. Code Crim. Proc. Ann. art. 45.045(a) (*capias pro fine* may be issued when "the defendant fails to satisfy the judgment according to its terms").

*Id.*

## V. Analysis

Here, the analysis offered by the trial court tracks that of the Texas Court of Criminal Appeals and the Waco Court of Appeals by noting that the warrant at issue is a different breed than those that are usually the basis for an arrest. The face of the

7

warrant showed an adequate basis for its issuance. No one challenged that basis, and the warrant was admitted without objection. Thus, the trial court properly recited on the record the warrant's facial recitations to determine that it was valid and that it provided probable cause for Appellant's arrest. *See, e.g.*, *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (noting that the presumption of regularity created by recitals in a judgment can be overcome only when the record otherwise affirmatively reflects error).

Moreover, although the capias was not admitted by agreement, it was admitted without objection. And here, as in *Howard*, no one disputed the capias's recitations. The capias recites that a judgment was rendered against Appellant and that Appellant failed to satisfy the judgment. Thus, the unchallenged facial recitations established that the capias was properly issued in accordance with article 45.045. *See* Tex. Code Crim. Proc. Ann. art. 45.045(a). The trial court overruled Appellant's motion to suppress on a basis that almost precisely tracks the reasoning of *Howard*, with which we agree. The trial court therefore acted within its discretion in making that decision. Accordingly, we overrule Appellant's three issues.

## VI. Conclusion

Having overruled Appellant's three issues, we affirm the trial court's judgment.

/s/ Dabney Bassel
Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 3, 2019