

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00043-CR

ROBIN FERGUSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 49501-B

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Robin Ferguson pled guilty to endangering a child. Pursuant to a plea bargain agreement with the State, Ferguson was placed on deferred adjudication community supervision for four years and was ordered to pay a $1,000.00 fine, court costs, and $1,275.00 in attorney fees for court-appointed counsel. The State subsequently moved to adjudicate Ferguson's guilt on the ground that she violated the terms and conditions of her community supervision. The trial court found the State's allegations true; adjudicated Ferguson's guilt; sentenced her to eighteen months' confinement in state jail; and ordered her to pay a $1,000.00 fine, $470.00 in court costs, and $1,700.00 in attorney fees.

On appeal, Ferguson argues that the trial court miscalculated the jail-time credit that she was owed and erred in its assessment of the fine, court costs, and attorney fees since she is indigent. Because the State concedes that Ferguson is entitled to additional jail-time credit, we sustain Ferguson's first issue and modify the trial court's judgment to reflect the proper amount of jail-time credit owed. While we find that Ferguson's indigence did not prevent the trial court from assessing fines and court costs, we modify the judgment and bill of costs by deleting both a $15.00 time payment fee and the additional $425.00 in attorney fees for court-appointed counsel during the adjudication proceedings. As modified, we affirm the trial court's judgment.

## I. We Modify the Judgment to Reflect the Proper Amount of Jail-Time Credit Owed

After announcing Ferguson's sentence and award of jail-time credit, the trial court stated, "According to our jail records, you have credit from February 28th to April 19th, 2019; from August 16th, 2019, to February 27th, 2020; and then you've been back in custody since October

2

the 19th of last year. That's 373 days." Even so, the trial court's judgment reflected jail-time credit of only 238 days. As a result, Ferguson argues that she is entitled to the full 373 days of jail-time credit. The State concedes the issue.

Our appellate record shows that Ferguson was entitled to and was awarded 373 days of jail-time credit in open court. "Whenever a defendant can show indisputably that [s]he has been denied jail-time credit," she is entitled to relief. *In re Brown*, 343 S.W.3d 803, 805 (Tex. Crim. App. 2011) (per curiam) (orig. proceeding); *see* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a)(1) (Supp.). Accordingly, we sustain Ferguson's first point of error.

"We have the authority to modify the judgment to make the record speak the truth." *Minter v. State*, 570 S.W.3d 941, 944 (Tex. App.—Texarkana 2019, no pet.) (citing TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.)). We modify the trial court's judgment to reflect that Ferguson was awarded 373 days of jail-time credit.

## II. We Delete $425.00 in Attorney Fees and the Time Payment Fee from the Judgment

In her last point of error, Ferguson argues that the trial court erred by assessing a fine, court costs, and attorney fees against her because she is indigent. The State argues that Ferguson's indigency does not excuse her from paying a fine and court costs, and we agree. However, we delete the improper assessment of a time payment fee from the total amount of court costs owed. Because the State concedes that Ferguson was indigent and should not have been assessed attorney fees for the adjudication, we also delete $425.00 in attorney fees.

3

**A.      Ferguson's Indigence Did Not Prevent the Trial Court from Assessing a Fine**

It is undisputed that Ferguson was indigent.  As a result, she argues that the trial court's fine was improperly assessed.  We disagree.

Fines are punitive and the punishment statute does not exclude indigent defendants from the optional fine.  *See* TEX. PENAL CODE ANN. § 12.35(b).  Even so, citing to Article 43.091 of the Texas Code of Criminal Procedure, Ferguson argues that "[a] court *may* waive payment of all or part of a fine imposed on a defendant if the court determines that . . . the defendant is indigent or does not have sufficient resources or income to pay all or part of the fine."  TEX. CODE CRIM. PROC. ANN. art. 43.091(a)(1) (Supp.) (emphasis added).  While a trial court may waive payment under Section 43.091, nothing suggests that it is required to do so.

We note that Article 42.15(a-1) of the Texas Code of Criminal Procedure requires that, "during or immediately after imposing a sentence in a case," the trial court "shall inquire whether the defendant has sufficient resources or income to immediately pay all or part of the fine."  TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1).  The trial court's judgment recites the following:  "After having conducted an inquiry into Defendant's ability to pay, the Court ORDERS Defendant to pay the fines, court costs, [and] reimbursement fees."  This recital shows that the trial court conducted an inquiry into Ferguson's ability to pay because "[r]ecitals contained in a judgment create a presumption of regularity and truthfulness, absent an affirmative showing to the contrary."  *Simms v. State*, 848 S.W.2d 754, 756 (Tex. App.—Houston [1st Dist.] 1993, pet.

4

ref'd) (citing *Breazeale v. State*, 683 S.W.2d 446, 450–51 (Tex. Crim. App. 1985) (op. on reh'g)).[1]

Here, the record showed that Ferguson agreed to pay a $1,000.00 fine as a term of her deferred adjudication community supervision and testified that she could successfully complete her community supervision. At the adjudication hearing, Ferguson testified that she had several jobs, was employed "the whole, entire time" she was on community supervision, and had already paid $1,800.00 towards fines and fees.

Because Ferguson does not point to any evidence contradicting the judgment's recital, Ferguson has not overcome the presumption of regularity. *See Breazeale*, 683 S.W.2d at 451. As a result, we find that the trial court inquired into Ferguson's ability to pay the fine but determined that waiver of payment under Section 43.091 was unnecessary. We overrule Ferguson's arguments related to the fine.

### B. Assessment of Court Costs, Except for the Time Payment Fee, Was Proper

Next, Ferguson argues that she should not be required to pay court costs because she is indigent. "The Due Process Clause of the United States Constitution prohibits a state from denying, solely because of inability to pay, access to its courts." *Allen v. State*, 426 S.W.3d 253, 258 (Tex. App.—Texarkana 2013, no pet.) (citing *Boddie v. Connecticut*, 401 U.S. 371, 374 (1971); *Griffin v. Illinois*, 351 U.S. 12, 18 (1956)). "This does not mean, though, that court costs cannot be recovered." *Id.* "The Constitution only prohibits the requirement for prepayment or payment in advance, which effectively denies appellate review." *Id.* (citing *Boddie*, 401 U.S. at

---

[1]The burden is on the defendant to overcome this presumption. *Ex parte Wilson*, 716 S.W.2d 953, 956 (Tex. Crim. App. 1986).

374; *Griffin*, 351 U.S. at 18). Accordingly, this Court has previously determined that "a trial court can order an indigent defendant to pay court costs provided payment is not demanded before the trial court proceedings have concluded." *Id.* at 259; *see Martin v. State*, 405 S.W.3d 944, 947 (Tex. App.—Texarkana 2013, no pet.).[2] We find that the trial court's assessment of court costs was proper.

Yet, the trial court's judgment and bill of costs include a $15.00 time payment reimbursement fee. *See* TEX. CODE CRIM. PROC. ANN. art. 102.030 (Supp.). The Texas Court of Criminal Appeals has concluded that a time payment fee, like the one imposed here, "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). "As a consequence, even now, assessment of the time payment fee in this case would be premature because appellate proceedings are still pending." *Id.*

This Court has the authority to modify incorrect judgments when it has the information necessary to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). Pursuant to *Dulin*, we strike the $15.00 time payment fee "in [its] entirety, without prejudice to [it] being assessed later if, more than 30 days after the issuance of the appellate mandate, the

---

[2]Ferguson cites to Section 43.091(c), which allows a trial court to waive "payment of all or part of the costs imposed on a defendant if the court determines that the defendant . . . is indigent or does not have sufficient resources or income to pay all or part of the costs." TEX. CODE CRIM. PROC. ANN. art. 43.091(c)(1) (Supp.). Again, nothing requires the trial court, which included a recital that it had inquired into Ferguson's ability to pay court costs in the judgment, to waive costs.

defendant has failed to completely pay any fine, [or] court costs" owed. *Dulin*, 620 S.W.3d at 133.

**C.    We Delete $425.00 in Attorney Fees from the Judgment and Bill of Costs**

Pursuant to the terms of Ferguson's negotiated plea bargain agreement with the State, both the order placing Ferguson on deferred adjudication and the terms of Ferguson's community supervision required her to pay $1,275.00 in attorney fees for court-appointed counsel. Ferguson was found indigent and was appointed counsel to represent her during the adjudication proceeding. Absent proof of a material change in her circumstances, attorney fees should not have been assessed for services performed during the adjudication. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (Supp.); *Walker v. State*, 557 S.W.3d 678, 689 (Tex. App.—Texarkana 2018, pet. ref'd). Even so, the trial court assessed an additional $425.00 in attorney fees against Ferguson.

Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided, . . . including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). Since there is no finding that Ferguson is able to pay them, the assessment of

7

attorney fees for counsel appointed during the adjudication was erroneous. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer*, 309 S.W.3d 552; *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).

As a result, we modify the trial court's judgment and the bill of costs by deleting the additional assessment of $425.00 in attorney fees for the adjudication and to correctly reflect that the only amount of attorney fees due is the $1,275.00 fee that was assessed when Ferguson was placed on deferred adjudication community supervision.

## III. Conclusion

We modify the trial court's judgment to reflect that Ferguson was awarded 373 days of jail-time credit. We also modify both the trial court's judgment and the bill of costs by deleting both the $15.00 time payment fee and the additional $425.00 in attorney fees assessed for counsel appointed during the adjudication proceedings. As modified, we affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:     September 6, 2022
Date Decided:       September 13, 2022

Do Not Publish

8