**Opinion issued March 7, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00470-CR

———————————

**TOMMY NATHANIEL TAYLOR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 0631602**

---

## MEMORANDUM OPINION

This is an out-of-time appeal. In 1993, Tommy Nathaniel Taylor pleaded guilty to the offense of possession of a controlled substance, namely cocaine,

weighing less than 28 grams.[1]  In accordance with Taylor's plea agreement with the State, the trial court deferred adjudication of his guilt, placed him on community supervision for five years, and assessed a fine of $500.

In 1994, a jury convicted Taylor of the offense of aggravated robbery.[2]  The trial court assessed his punishment at confinement for 50 years and entered an affirmative finding on the use of a deadly weapon.

Subsequently, the State moved to adjudicate Taylor's guilt in the possession case on the ground that he violated the terms of his community supervision by committing the aggravated robbery.  Taylor entered a plea of "true."  The trial court adjudicated him guilty in the possession case and assessed his punishment at confinement for 20 years, to run concurrently with that in the aggravated robbery.

Taylor timely filed a pro se notice of appeal solely in the aggravated robbery case, and this Court affirmed his conviction. *Taylor v. State*, No. 01-94-00691-CR, 1995 WL 582257, at *8 (Tex. App.—Houston [1st Dist.] Oct. 5, 1995, pet. ref'd) (not designated for publication).

During that appeal, Taylor's court-appointed counsel moved in this Court for an out-of-time appeal in the possession case.  We dismissed the motion for lack of

---

[1] *See* TEX. HEALTH & SAFETY CODE § 481.102(3)(D); *see also* Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 2936-37 (amended 1993) (current version at TEX. HEALTH & SAFETY CODE § 481.115(a), (d)).

[2] *See* TEX. PENAL CODE § 29.03.

jurisdiction. *Taylor v. State*, No. 01-94-01266-CR, 1994 WL 721890, at *1 (Tex. App.—Houston [1st Dist.] Dec. 29, 1994, no pet.) (not designated for publication).

In 1995, Taylor filed an application with the Harris County District Clerk for habeas relief. After a hearing, the trial court found that Taylor's counsel was ineffective for having failed to timely file a notice of appeal in the possession case.

Twenty-seven years later, in 2022, after Taylor had completed his sentence in the possession case, the application for habeas relief was forwarded to the Texas Court of Criminal Appeals,[3] where Taylor was granted this out-of-time appeal. *See Ex parte Taylor*, No. WR-82,168-02, 2023 WL 2395884, at *1 (Tex. Crim. App. Mar. 8, 2023) (not designated for publication).

In two issues, Taylor contends that the trial court vacated its 1994 judgment adjudicating his guilt in the possession case and thus his conviction should be "removed from his criminal record" and, in the alternative, the trial court erred in assessing costs against him in the judgment.

We modify the trial court's judgment and affirm as modified.

---

[3]     *See Ex parte Taylor*, No. WR-82,168-02, 2022 WL 16826672, at *1 (Tex. Crim. App. Nov. 9, 2022) (order, not designated for publication); *see also Ex parte Taylor*, 664 S.W.3d 891, 891 (Tex. Crim. App. 2022) (Newell, J., dissenting).

## Jurisdiction

As a threshold matter, the State asserts we lack jurisdiction to hear this appeal. The State argues that the court of criminal appeals erred in granting Taylor this out-of-time appeal because, at the time of his conviction, Texas Code of Criminal Procedure article 42.12, section 5(b), "explicitly barred appeals after a trial court's deferred adjudication of guilt." According to the State, "where there is a statutory bar on appeal," as here, "a timely notice of appeal does not confer jurisdiction on an appellate court."

In 1994, when the trial court issued its judgment of adjudication in the possession case, former Code of Criminal Procedure article 42.12, section 5(b), stated that on the violation of a condition of community supervision:

> [t]he defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, *all proceedings*, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.[4]

---

4    Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3501 (former TEX. CODE CRIM. PROC. art. 42.12, § 5(b) (emphasis added)), *repealed by* Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 1.01, 2015 Tex. Gen. Laws 2321, 2321, *recodified as amended at* TEX. CODE CRIM. PROC. art. 42A.108(b). All further references in this opinion to article 42.12, section 5, are to the former version of the statute unless otherwise indicated.

Thus, the legislature expressly declared that "[n]o appeal may be taken" from "the determination by the court of whether it proceeds with an adjudication of guilt." TEX. CODE CRIM. PROC. art. 42.12, § 5(b); *Williams v. State*, 592 S.W.2d 931, 932–33 (Tex. Crim. App. 1979) ("[T]he statute clearly provides that the trial court's decision to proceed with an adjudication of guilt[] is one of absolute discretion and not reviewable. . . .").[5]

After adjudication, however, "all proceedings" continued as if the adjudication had not been deferred. TEX. CODE CRIM. PROC. art. 42.12, § 5(b). That is, at the time relevant to Taylor's appeal, article 42.12, section 5(b) expressly allowed an appeal of all proceedings *after* adjudication of guilt on the original charge. *Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992). Thus, an appellate court "must sort out [the] various rulings a trial court may make in the course of a deferred adjudication proceeding to determine those which the Legislature provided a right to appeal." *Id.* at 941.

Here, Taylor does not challenge the trial court's decision to proceed with an adjudication of his guilt. Rather, he asserts that after adjudicating his guilt, the trial court later vacated its judgment, and, in the alternative, it erred in assessing costs

---

[5] For instance, an appellant could not challenge the evidentiary sufficiency supporting the adjudication or raise a claim that counsel was ineffective at the hearing on the motion to adjudicate. *See Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999); *Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992).

against him in issuing its judgment. These are matters occurring, if at all, *after* the trial court's decision to proceed with an adjudication of Taylor's guilt and within the ambit of the statute. *See, e.g.*, *Reese v. State*, No. 05-93-00838-CR, 1994 WL 594028, at *1 (Tex. App.—Dallas Oct. 31, 1994, no pet.) (not designated for publication) (considering appeal advancing issue directed at trial court's judgment signed after adjudication of guilt).

We therefore hold that we have jurisdiction to consider this appeal.

## Judgment Adjudicating Guilt

In his second issue, Taylor asserts that the trial court's judgment adjudicating his guilt "appears to have been set aside and vacated." He asks this Court to "affirm the order vacating the judgment" and to "issue a directive that the conviction in the judgment adjudicating guilt be removed from his criminal record." The record does not support Taylor's contention.

The record shows that the State moved to adjudicate Taylor's guilt in the possession case on the ground that he violated the terms of his deferred adjudication community supervision by committing aggravated robbery. However, in alleging the commission of the aggravated robbery in its motion, the State mistakenly alleged that Taylor acted "while in*toxicated* the course of committing theft," rather than while "in the course of committing theft."[6] (Emphasis added.)

---

[6]     *See* TEX. PENAL CODE §§ 29.02, 29.03.

6

The trial court's July 14, 1994 judgment adjudicating Taylor's guilt included the State's mistaken allegation that he acted "while in*toxicated* the course of committing theft of property." (Emphasis added.) We note that the judgment also stated that Taylor's 20-year sentence was to commence on July 1**4**, 1994, with 23**5** days of jailtime credit.

Four days later, on July 18, 1994, the parties appeared in the trial court. The trial court vacated its July 14, 1994 judgment, and the State presented a corrected motion to adjudicate—with "toxicated" scratched out—alleging that Taylor acted "while in the course of committing theft of property."

Then, in plea papers also "sworn and subscribed" before a Harris County Deputy District Clerk on July 18, 1994, Taylor signed a stipulation of evidence and judicial confession, and entered a plea of "true." The papers are also signed by the trial court, defense counsel, and the State.

The trial court then issued the new judgment adjudicating Taylor's guilt. The first page of the judgment states: "Date of Judgment: 7-18-94" and includes the State's corrected allegation that Taylor acted "while in the course of committing theft of property." The judgment also states that Taylor's 20-year sentence was to commence on July 1**8**, 1994, with 23**9** days of jailtime credit accrued.

However, the July 18, 1994 judgment contains a handwritten date of entry of *June* 18, 1994. Taylor asserts that this date should be presumed regular, such that

7

the June judgment preceded, and was superseded by, the trial court's July 14, 1994 judgment. Thus, when the trial court issued its July 18, 1994 order vacating its July 14, 1994 judgment, there was no longer a judgment of conviction against him in the possession case.

We "indulge every presumption in favor of the regularity of the documents in the trial court." *Jones v. State*, 77 S.W.3d 819, 822 n.13 (Tex. Crim. App. 2002) (quoting *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1985)). "This means that the recitations in the record of the trial court, such as a formal judgment, are binding in the absence of direct proof of their falsity." *Id.* (quoting *Breazeale*, 683 S.W.2d at 450). This presumption can be overcome only if the record affirmatively reflects that error occurred. *Breazeale*, 683 S.W.2d at 450.

Here, the record makes clear that the June date is a clerical error. The trial court expressly vacated its July 14, 1994 judgment. Then, on July 18, 1994, the parties appeared, the State presented a corrected motion to adjudicate, Taylor executed plea papers, and the trial court issued a final judgment containing the corrected language. And, as noted above, the jailtime credit tracks the sequential dates of the judgments. The record simply does not support that the final judgment was actually signed in *June* 1994.

We have the authority to sua sponte correct the judgment of the court below to make the record speak the truth when, as here, we have the necessary information

to do so. *Fletcher v. State*, No. 01-15-00966-CR, 2016 WL 6962307, at *17 (Tex. App.—Houston [1st Dist.] Nov. 29, 2016, pet. ref'd) (mem. op., not designated for publication); *see* TEX. R. APP. P. 43.2(b) ("The court of appeals may modify the trial court's judgment and affirm it as modified."). Accordingly, we modify the trial court's final judgment to reflect the correct entry date of July 18, 1994. *See Gordon v. State*, No. 05-14-00824-CR, 2015 WL 4977017, at *5 (Tex. App.—Dallas Aug. 20, 2015, pet. ref'd) (mem. op., not designated for publication) (modifying judgment to correct date of entry and affirming as modified).

We overrule Taylor's second issue.

### Costs

In his first issue, Taylor contends that the trial court erred in twice assessing $44.50 in court costs against him—once in the order of deferred adjudication and again in the judgment adjudicating his guilt.

Claims of error in the assessment of fees and court costs may be raised for the first time on appeal. *Johnson v. State*, 423 S.W.3d 385, 389–90 (Tex. Crim. App. 2014).[7] We are authorized to correct errors in a bill of costs independent of finding error in the trial court's judgment. *See id.* at 389–90; *see, e.g.*, *Ledet v. State*, No. 01-

---

[7]    Article 103.008 of the Texas Code of Criminal Procedure authorizes a defendant to file a motion to correct any error in the imposition of court costs up to a year after the final disposition of the case. TEX. CODE CRIM. PROC. art. 103.008. However, this is not the only method by which a defendant can challenge the imposition of court costs. *London v. State*, 490 S.W.3d 503, 508 n.5 (Tex. Crim. App. 2016).

22-00015-CR, 2022 WL 3589182, at \*2–3 (Tex. App.—Houston [1st Dist.] Aug. 23, 2022, no pet.) (mem. op., not designated for publication).

"The Texas Code of Criminal Procedure requires that a judgment order a defendant to pay court costs." *Johnson*, 423 S.W.3d at 389; *see also* TEX. CODE CRIM. PROC. art. 42.16. Only statutorily-authorized costs may be assessed. *Johnson*, 423 S.W.3d at 389 (citing TEX. CODE CRIM. PROC. arts. 102.001–.022 (non-exhaustive list of costs)). Court costs are not part of the guilt or sentence of a criminal defendant; rather, they are a nonpunitive recoupment of the judicial resources expended in connection with the trial of the case. *Id.* at 390. In reviewing an assessment of costs, we determine whether there is a statutory basis for the cost, not whether there is sufficient evidence to prove the cost. *Id*.

Here, the trial court's order of deferred adjudication includes a bill of costs listing certain itemized fees in boilerplate print: Crime Stoppers Fee $2.00; "CJPF" [Criminal Justice Planning Fund] $20.00; "LEOSEF" [Law Enforcement Officer Standards and Education Fund] $1.50; "CVCF" [Crime Victims Compensation Fund] $20.00; and "JCTF" $1.00. These same boilerplate fees, which total $44.50, also appear in the trial court's July 18, 1994 judgment adjudicating guilt.

Because Taylor does not argue that any of the specific costs or fees assessed against him lack a statutory basis, we do not address this issue. *See Coronel v. State*, 416 S.W.3d 550, 556 (Tex. App.—Dallas 2013, pet. ref'd) ("[A]ppellant does not

10

challenge the propriety or legality of the specific costs assessed; therefore, we do not address these issues."); *see also Johnson*, 423 S.W.3d at 389 (in reviewing assessment of costs, court determines whether statutory basis for cost exists).

Taylor concedes on appeal that the "court costs were properly assessed against [him] when he was placed on deferred adjudication."[8]  However, he complains that "the trial court erred in assessing the $44.50 in courts costs a second time" in its judgment adjudicating guilt because "court costs should only be assessed one time."

Taylor first relies on section 133.101 of the Texas Local Government Code. Section 133.101 provides that a person has been "convicted" if:

(1)     a judgment, a sentence, or both are imposed;

(2)     the person receives community supervision, deferred adjudication, or deferred disposition; or

(3)     the court defers final disposition of the case or imposition of the judgment and sentence.

TEX. LOC. GOV'T CODE § 133.101.

Setting aside that section 133.101 was added in 2003 and that Taylor has not shown that it applies to his 1994 conviction, the statute states that both deferred adjudication and the imposition of a judgment constitute convictions. *See id.*;

---

[8]     Regardless, Taylor is procedurally barred from challenging the fees assessed when he was placed on deferred adjudication community supervision. *See Perez v. State*, 424 S.W.3d 81, 85–86 (Tex. Crim. App. 2014) (holding failure to timely appeal assessment of costs in deferred-adjudication order forfeited such complaint in appeal from subsequent adjudication and noting that court of appeals lacked jurisdiction to consider costs imposed in deferred-adjudication order but had jurisdiction to consider costs in appeal from adjudication).

*Weatherspoon v. State*, No. 03-15-00236-CR, 2016 WL 286384, at \*2 (Tex. App.—Austin Jan. 22, 2016, no pet.) (mem. op., not designated for publication). Thus, it does not support Taylor's argument that the trial court erred in assessing costs against him in its judgment adjudicating his guilt.

Next, Taylor relies on article 102.073(a) of the Code of Criminal Procedure. Article 102.073(a) provides: "In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. art. 102.073(a).

Even were we to conclude that article 102.073 applies to Taylor's 1994 conviction,[9] courts considering article 102.073 in the context of imposing fees in both an order deferring adjudication and in a subsequent judgment adjudicating guilt have held that article 102.073 does not prohibit the assessment of costs at the conclusion of both proceedings. *See Simmons v. State*, No. 14-17-00286-CR, 2018 WL 3028064, at \*4 (Tex. App.—Houston [14th Dist.] June 19, 2018, no pet.) (mem.

---

[9] Article 102.073 applies to a court cost or fee imposed on or after September 1, 2015. Act of May 30, 2015, 84th Leg., R.S., ch. 1160, §§ 1, 2, 3, 2015 Tex. Gen. Laws 3925, 3925. The fees at issue in this case were imposed on July 18, 1994. Further, Taylor was not convicted of "two or more offenses or of multiple counts of the same offense." *See* TEX. CODE CRIM. PROC. art. 102.073(a).

12

op., not designated for publication).[10]  A violation of community supervision requires a new and separate court proceeding from the original proceeding that resulted in deferred adjudication. *See id.* at *3.

Here, the trial court held two separate proceedings: the first when it accepted Taylor's plea agreement and ordered deferred adjudication, and the second when it accepted Taylor's plea of true to the allegation in the State's motion and adjudicated Taylor's guilt. *See id.*  Because the trial court held two separate proceedings, it properly assessed costs at the conclusion of both proceedings. *See id.*  Given that costs are intended as a recoupment of expenditures in connection with the trial of a case, imposing costs for both proceedings "makes sense as a tool to recoup the costs of judicial resources that were consumed." *See id.*

Taylor has not directed us to any applicable authority barring the assessment of costs against him in the trial court's 1994 judgment adjudicating his guilt.

We overrule Taylor's first issue.

---

[10]    *See also Briggs v. State*, No. 05-19-01310-CR, 2020 WL 6268480, at *4 n.4 (Tex. App.—Dallas Oct. 26, 2020, no pet.) (mem. op., not designated for publication); *Pugh v. State*, No. 03-18-00027-CR, 2018 WL 4039572, at *3 (Tex. App.—Austin Aug. 24, 2018, no pet.) (mem. op., not designated for publication).

## Conclusion

We modify the trial court's final judgment—its July 18, 1994 judgment adjudicating Taylor's guilt in the possession case—to reflect that the correct date of signing and entry was July 18, 1994 and affirm that judgment as modified.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Guerra and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).

14